## NICHOLAS YAGER v. WILLIAM J. LEMP.

FILED FEBRUARY 6, 1894.   No. 5240.

1. **Final order:** RULING ON DEMURRER: REVIEW.   The sustaining of a demurrer to a petition or answer is not such a final order as will be reviewed by petition in error in this court.

2. **Ruling on Motion to Docket Counter-Claim:** REVIEW: FINAL ORDER.   Where a counter-claim is stricken out for the reason that it is foreign to the subject of the action, an order denying the defendant's motion to docket it as a separate cause of action, under the provision of section 126 of the Code, is not a final order and will not be reviewed in this court by petition in error.

ERROR from the district court of Douglas county. Tried below before WAKELEY, J.

*Winfield S. Strawn*, for plaintiff in error.

*Brome, Andrews & Sheean*, contra.

POST, J.

This was a foreclosure proceeding in the district court of Douglas county by the defendant in error Lemp against Thomas F. Dupins and others, including the plaintiff in error Yager, whom it was sought to charge as an indorser

of the notes mentioned in the mortgage. Yager filed a separate answer, and subsequently, by leave of court, an amended answer, in which he, first, admitted the indorsement of the notes; second, alleged that such indorsement was made as security for the payment of beer to be shipped by Lemp and sold by him as agent for said plaintiff at Omaha; that in carrying out said contract he purchased from Lemp a large amount of property then in use in connection with said agency, and by purchase from other parties added largely to the property (other than beer) which was necessary to successfully conduct the business of said agency; that he bought from Lemp large quantities of beer and paid largely thereon, and that the notes set out in the petition were a continuing security for the payment thereof; that after he had built up a prosperous business in said agency, Lemp, by fraud and conspiracy, took the same away from him, and also seized and converted all of the property used in the business of said agency, as well as the beer, to secure the payment of which he, Yager, had indorsed and transferred the notes in suit. He claimed judgment for the excess of damages over the amount, if any, he might be found indebted to Lemp. To this answer the latter demurred on the grounds, first and second, that the same constituted no defense to Yager's liability on the notes, and third, that the claim did not arise out of the contract or transactions alleged in the petition, and were not connected with the subject of the action, which demurrer was sustained.

Yager excepted, was defaulted, and the action was left to proceed against the other defendants. Yager also moved the court to docket his claim as a separate cause of action and allow him a jury trial thereon, but on sustaining the demurrer said motion was overruled, to which also an exception was taken. Yager thereupon filed in this court a petition in error in which he in different forms assigns as error the sustaining of the demurrer above mentioned and

the overruling of his said motion, but no final judgment had been entered at the time this proceeding was instituted. Nor is there any competent evidence that the cause has been subsequently disposed of on its merits, and we are not at liberty to assume that it is not now on the docket of the district court awaiting a hearing therein.

The remedy by petition in error under our Code, section 583, is restricted to final orders and decrees. By section 581 a final order is defined as one which in effect determines the action and prevents a judgment. That the sustaining of the demurrer to the counter-claim in this case is not a final order within the meaning of the Code is apparent from numerous decisions of this court. (See *Artman v. West Point Mfg. Co.*, 16 Neb., 572; *Daniels v. Tibbets*, 16 Neb., 666; *Aspinwall v. Aspinwall*, 18 Neb., 463; *Welch v. Calhoun*, 22 Neb., 167.)

It is contended by counsel for plaintiff in error that the provisions of section 126 of the Code are mandatory, and that it was not within the discretion of the district court to deny the motion to docket his counter-claim as a separate action. We think however, that this ruling, like the sustaining of the demurrer, is not a final order, since it in nowise involves the merits of the controversy. The authorities above cited we regard as decisive of the question. It follows that the petition in error must be

DISMISSED.