PRESIDENT AND DIRECTORS OF THE INSURANCE COMPANY OF NORTH AMERICA, APPELLEES, V. EMMA A. PARKER ET AL., APPELLANTS.

FILED APRIL 2, 1902. No. 11,437.

Commissioner's opinion, Department No. 2.

1. **Errors of Procedure: REVIEW: APPEAL.** Alleged errors in matters of procedure, occurring at or before trial, are not reviewable by appeal.

2. **Foreclosure: COUNTER-CLAIM: MALICIOUS PROSECUTION.** A cause of action for alleged abuse of process and malicious prosecution of a civil suit, based on an attempt to foreclose a certain mortgage in the federal courts, can not be set up by way of counter-claim in a subsequent suit to foreclose said mortgage.

3. **Foreclosure: ALLEGATION OF No PROCEEDINGS OF LAW: PRIMA-FACIE CASE.** The allegation that no proceedings have been had at law, required in foreclosure suits, need not be proved beyond possibility of inference to the contrary; it is enough, where no evidence appears to dispute it, if the plaintiff make a prima-facie case.

APPEAL from the district court for Lancaster county. Heard below before FROST, J. *Affirmed.*

*Burr & Burr, Charles M. Parker* and *E. E. Spencer,* for appellants.

*Stephen L. Geisthardt, contra.*

POUND, C.

This is an appeal from a decree of foreclosure. The principal points argued relate to the action of the trial court in striking out certain portions of the answer and in rejecting evidence offered by appellant at the trial. It is well settled that we can not pass upon such questions on appeal. "Alleged errors in matters of procedure occurring at or before the trial can not be reviewed on appeal." *National Life Ins. Co. v. Martin,* 57 Nebr., 350; *Troup v. Horbach,* 57 Nebr., 644, 648. Nor are rulings upon evidence reviewable otherwise than by error. *Zimmerman v. Zimmerman,* 59 Nebr., 80. We may say, however, that the rulings complained of were clearly right. The answer set up and the evidence offered 'ended to show abuse of process and malicious prosecution of a civil suit in prior attempts to foreclose the mortgage in question in the federal courts, whereby the appellants were put to large expense, cost and trouble in the employment of counsel, printing of briefs, and in costs and traveling expenses. It is obvious that this is to be sustained, if at all, only as a counter-claim. It is not available as a set-off, nor would it be a proper subject of cross-petition, because not a matter for a court of equity at all. It can not be brought within the provisions of the Code of Civil Procedure as to counter-claims for the reason that it does not arise out of the transaction upon which the plaintiff's cause of action is founded, namely, the execution of the note and mortgage and default in payment, nor is it connected with the subject of the plaintiff's action. *Watts v. Gantt,* 42 Nebr., 869. There the cause of action sought to be made use of as a counter-claim was an alleged libel in proceedings to procure a receiver pending foreclosure of the mortgage sued on. The court held it could not be set up in the foreclosure suit.

It is also urged that the evidence in support of the allegation that no proceedings had been had at law was insufficient to sustain the decree. The evidence makes a

prima-facie case, and is undisputed. It is true it does not exclude every possible inference. Consistently with this evidence, proceedings at law may have been had somewhere outside of this state. But the mortgagors reside here, and the likelihood of proceedings in any other state is very remote. We think the evidence ought to be held sufficient.

We recommend that the decree be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.

NOTE.—*Abuse of Process.*—A malicious abuse of legal process, is its employment for some unlawful object not contemplated by the law. *Mayer v. Walter*, 64 Pa. St., 283.—REPORTER.