GEORGE BRANDT V. STATE OF NEBRASKA.

FILED MARCH 5, 1908.   No. 15,565.

Criminal Law: REVIEW. Under the provisions of chapter 162, laws 1907, providing for appeals to the supreme court, only judgments and sentences upon convictions for felonies and misdemeanors under the criminal code may be brought to this court by petition in error. All other cases must come here by appeal, and notice must be given, either as specified in section 3 of the act, or under the provisions of supreme court rules 33 to 37, inclusive.

ERROR to the district court for Adams county: ED L. ADAMS, JUDGE. *Objection to jurisdiction. Sustained.*

*John C. Stevens,* for plaintiff in error.

*W. F. Button, contra.*

LETTON, J.

George Brandt was adjudged guilty of the violation of a city ordinance of the city of Hastings in the police court of that city. He appealed to the district court for that county, where the appeal was dismissed. A petition in error was filed in this court, complaining of errors committed by the district court in dismissing his appeal. After the filing of the petition in error the deputy attorney general, being under the impression that the case was

error from a conviction of a misdemeanor under the criminal code, waived the issuance and service of summons in error. A few days afterwards he ascertained that the case involved the violation of a city ordinance, which was not a crime under the criminal code, and he thereupon withdrew his appearance and acknowledgment of service. Mr. W. F. Button, city attorney of the city of Hastings, appears specially, objecting to the jurisdiction of the court, for the reason that no summons in error or notice of appeal had been served upon any person having authority to act for the city of Hastings.

The question before us is upon the special appearance. The record shows that Brandt was charged with "keeping his saloon open after hours, or on Sunday, September 29, 1907." No particular hours are specified in the criminal code during which it is a crime for a saloon to be kept open, so that the offense with which Brandt was charged was not a violation of any criminal law of this state, but of a local regulation or ordinance of the city of Hastings. Section 1, ch. 162, laws 1907, providing for appeals to the supreme court, provides: "The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court, except judgments and sentences upon convictions for felonies and misdemeanors under the criminal code of this state, shall be by filing in the supreme court," etc. Sections 2 and 3 of the act provide for the manner of docketing the case in the supreme court, and for the giving of notice of appeal. Under this statute only judgments and sentences upon conviction for felonies and misdemeanors under the criminal code of the state may be brought to this court by petition in error. All other cases must come here by appeal, and notice must be given, either as specified in section 3 of the act, or under the provisions of supreme court rules 33 to 37, inclusive. Rule 36 provides that notice of appeal "shall be served upon the appellees named therein or their attorney or attorneys of record in the court below."

In appeals from convictions for violations of city ordinances which are not crimes under the criminal code of the state, service of notice of appeal should be made upon the city or village, or upon the attorney of record in the court below. This has not been done; hence, as the case now stands, the court has no authority to proceed further, and the objections of the city attorney seem to be well taken, and are therefore

SUSTAINED.