ISABELLE MCHENRY TOMSON, APPELLEE, V. IOWA STATE TRAVELING MEN'S ASSOCIATION, APPELLANT.

FILED SEPTEMBER 25, 1911. No. 16,564.

Former opinion modified, and the plaintiff awarded judgment for $2,500, with interest thereon at 7 per cent. from February 18, 1902, on condition of filing a remittitur.

REHEARING of case reported in 88 Neb. 399. *Former judgment vacated, and case affirmed on condition.*

BARNES, J.

The defendant has filed a motion for a rehearing, and contends that the opinion should be modified in so far as it holds that for its failure and refusal to file its constitution or articles of incorporation and by-laws with the auditor of public accounts, as provided by section 112, ch. 43, Comp. St. 1909, the defendant was not entitled to the use of its by-laws in making its defense in this case. It is probable that this portion of the opinion should be explained or modified, for it was not our intention to overthrow the well-established rule that, where the plaintiff introduces a part of the by-laws in evidence in order to establish his claim for indemnity, the defendant may read in evidence the other parts of such by-laws relating to that subject.

It is also contended that plaintiff's petition does not state facts sufficient to sustain a judgment in her favor. This matter was fairly disposed of by our former opinion, and the rule therein announced should be adhered to.

Complaint is also made because the ruling upon the defendant's motion to require the plaintiff to elect upon which cause of action contained in the petition she would rely was not disposed of. We think the opinion fairly holds that the petition contained but one cause of action, and that is our present view of the matter, and that a prayer for a judgment for $5,000 on account of the death of the assured did not vitiate the right of the plaintiff to recover on the ground of total disability.

On the other hand, counsel for the plaintiff has filed a motion asking for a modification of our former judgment to the extent of allowing the plaintiff to recover the sum of $2,500 with interest thereon from the 18th day of February, 1902, at the rate of 7 per cent. per annum for the total disability of the assured caused by the accident described and set forth in her petition.

From a careful re-examination of the record, it appears that the defendant is a fraternal beneficiary asso-

ciation insuring traveling men against accident, disability, and death by accident, and was formed, organized and carried on for the sole benefit of its members and beneficiaries, and not for profit. It also appears that plaintiff's husband, Hays B. Tomson, was a member of the association, in good standing at the time the accident occurred, and had paid all assessments made against him from the year 1892 to the day of his death; that he had performed all of the conditions of the contract on his part to be kept and performed. The petition also sets forth that the accident occurred on the 18th day of February, 1902, and it is described in language which had our approval in *Western Travelers Accident Ass'n v. Tomson*, 72 Neb. 674. A copy of the benefit certificate was set out in the petition, and it was alleged that the terms and conditions of the same had become broken and the defendant had become liable for the total disability of the assured caused by said accident. It was further alleged that the deceased was on the 18th day of February, 1902, totally and permanently disabled by said accident; that he never recovered therefrom, and died from its effects; that the accident was the sole and proximate cause of his death.

It is true that the plaintiff prayed for a judgment for $5,000 on account of the death of the assured, but that fact did not invalidate the allegations of the petition which showed a right of recovery for $2,500 on account of permanent disability. It is now conceded that the plaintiff was not entitled to recover for the death of the assured, because such death took place more than 26 weeks after the accident occurred.

Upon the trial, that portion of the defendant's by-laws which provide for an indemnity of $2,500 to be paid to the beneficiary in case of the permanent disability of the assured was introduced in evidence as a part of the deposition of one Deets who was secretary of the defendant company. All of the by-laws bearing upon this question were introduced in evidence, either by the plaintiff or

the defendant, and therefore the record contains sufficient evidence to sustain a judgment for that amount. It clearly appears that under the evidence and the pleadings the plaintiff is entitled to recover the sum of $2,500, with interest on the same from February 18, 1902, on the ground of permanent disability caused by the accident. While the plaintiff's petition is not artistically drawn, still it was not attacked either by motion or demurrer, and, under the well-established rule that after judgment a pleading will be liberally construed, we deem it sufficient to sustain a verdict for that amount; and the error in instructing the jury on the theory of liability for a death loss was, under our present view of the case, error without prejudice.

This being the second time that this case has been before us, and it being quite evident that defendant is liable to plaintiff for $2,500 for the total disability of the assured, together with interest thereon from the date of the accident in question, we deem it advisable and proper to terminate this litigation, and therefore our former judgment reversing the cause is set aside, and it is ordered that, if the plaintiff file a remittitur of all of the present judgment except $2,500 and the interest thereon from February 18, 1902, to the present time, within 40 days from the filing of this opinion, the judgment of the district court to that extent will be affirmed, otherwise the judgment will be reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.