MARY BUTLER, APPELLEE, v. JAMES B. SECRIST ET AL., APPELLANTS.

FILED NOVEMBER 27, 1912. No. 17,358.

1. **Limitation of Actions:** PLEADING: AMENDMENT. Service of summons in ejectment arrests the running of the statute of limitations in favor of a defendant who claims by adverse possession, though the form of action is subsequently changed by amendment of plaintiff's petition to a suit to redeem. *Butler v. Smith*, 84 Neb. 78, approved and followed.

2. **Appeal:** CONSOLIDATION OF ACTIONS. The consolidation of two actions pending in the same court, at the same time, against different defendants, to redeem from the lien of a mortgage, is a matter within the sound discretion of the trial court, and error cannot be predicated on the order of consolidation, unless an abuse of discretion is shown.

APPEAL from the district court for Knox county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Field, Ricketts & Ricketts, J. F. Green* and *W. A. Meserve*, for appellants.

*M. F. Harrington* and *W. R. Butler*, contra.

BARNES, J.

This is an appeal from a judgment of the district court for Knox county allowing the plaintiff to redeem a tract of land situated in that county from a void decree of foreclosure, and a finding of the amount which plaintiff should be required to pay the defendants for that purpose.

It appears that in January, 1890, one Ellis W. Wall owned the land in question, and mortgaged it to Pierce, Wright & Company for $2,850. After giving the mort-

gage, Wall conveyed the premises to Clement L. Boone. Boone did not take the title by his initials, but took it by his real name as Clement L. Boone, and his deed was promptly recorded in the office of the county clerk of Knox county. In March, 1894, one Henry H. Drake, who had become the owner of the mortgage, brought a foreclosure suit in the district court for Knox county against Wall and his wife and C. L. Boone. The records in the office of the county clerk stated plainly that the land was owned by Clement L. Boone. Service was had by publication only. None of the defendants appeared, and a decree of foreclosure was granted. Thereafter the land was sold under the decree, and on May 24, 1895, the owner of the mortgage, who was the purchaser, took possession of the premises through one Green, and the purchaser and his successors in interest, the defendants in this action, have ever since retained such possession.

It further appears that the plaintiff obtained her title by quitclaim deed from Clement L. Boone, and mesne conveyances, and on the 11th day of March, 1905, commenced this action in the district court for Knox county as a suit in ejectment against James B. Secrist, Mary E. Secrist, and Susie M. Smith to obtain possession of a part of the land in question; that she also at the same time commenced an action in ejectment against Charles A. Kissinger and Emily Kissinger to obtain possession of the remainder of the mortgaged premises; that thereafter plaintiff was permitted to amend her petitions by changing the form of her actions to suits to redeem the land, and require the defendants to account for the rents and profits. Trials in the district court resulted in judgments for the defendants. From those judgments plaintiff appealed and obtained reversals in this court, and the causes were remanded to the district court for Knox county for further proceedings. For a more full and complete statement of the facts, reference may be had to *Butler v. Smith*, 84 Neb. 78. When those suits came on again for trial in the district court, an order was made consolidating them,

and thereafter, upon the issues thus presented, a decree was rendered allowing the plaintiff to redeem, and fixing the amount necessary for such redemption. From that judgment the defendants have prosecuted separate appeals.

The record discloses that, upon the second trial in the district court, defendants Secrist and Smith interposed a plea of former adjudication, alleging that the judgment in their favor upon the former trial had never been reversed, and was a complete bar to the further prosecution of this action; while defendants Kissinger also entered a like plea, and contended that the judgment in their favor in the former action had never been reversed, and was a bar to the further prosecution of this suit against them. Their pleas of former adjudication were overruled, and this ruling is assigned as error.

It appears that, when the petition in *Butler v. Smith* was amended, Charles A. Kissinger and his wife, Emily, were made parties defendant in that action, all of the land involved in both actions was described therein, and plaintiff prayed to be allowed to redeem from the Wall mortgage as to all of the defendants. The defendants in that case all filed answers to the amended petition. The same course was pursued and like pleadings were filed in the original case of *Butler v. Kissinger,* and both actions were then pending in the district court for Knox county. Plaintiff thereupon filed a motion to consolidate the two actions, which was overruled. There was a separate trial of each of said actions, and a judgment rendered in each of them for all of the defendants. The plaintiff thereupon prosecuted appeals from said judgments. The appeals were docketed in this court against all of the defendants. The plaintiff was named as the appellant, and all of the defendants were made appellees. All of the defendants appeared and filed briefs, and, upon the hearings in this court, both of the judgments were reversed as to all of the defendants named in each case, and the causes were remanded to the district court for new trials. An exam-

ination of the record in the former cases fully disposes of the plea of former adjudication, and the judgment of the trial court on this point should be affirmed.

It is further contended that the court erred in overruling defendants' pleas of the statute of limitations. That question, however, was fully determined in *Butler v. Smith,* 84 Neb. 78, where it was said: "Service of summons in ejectment arrests the running of the statute of limitations in favor of a defendant who claims title by adverse possession, though the form of action is subsequently changed by amendment of plaintiff's petition to a suit to redeem." *McKeighan v. Hopkins,* 19 Neb. 33, was a suit in ejectment, and was changed by amendment to an action to redeem, and it was said by this court: "The plaintiff sought in the original petition to recover the land, because he was the owner thereof; and in the amended petition filed by him by leave of court he seeks to recover the land in question, upon the ground that he is the owner of the same; but, while asking equity he offers to do equity by paying the defendant all valid claims held by him against the land. The cause of action is the same, although the relief is sought in a different manner from that in the first petition. This, however, does not change the cause of action, and the statute of limitations ceased to run when the summons which was served on him was issued." In the instant case, the actions were commenced before the limitation had expired, and when commenced, although separate suits were brought, such actions were sufficient to toll the statute.

Error is predicated on the order of the district court consolidating the two actions for a single trial in the instant case, and it is argued that, because the court had once overruled a motion to consolidate the actions, it was error to thereafter sustain such a motion. A mere ruling on a motion during the progress of a cause is never *res judicata,* and it is within the sound discretion of the court to permit another motion to be filed and change its ruling. Unless the party complaining makes it appear that the

trial court was thereby guilty of an abuse of discretion. error cannot be predicated thereon.

Finally, it may be said that, when the two causes were remanded for new trials, the only matter left for the determination of the district court was an accounting to determine the amount the plaintiff should be required to pay defendants in order to redeem the land in question from the mortgage lien. It is not contended that the court erred in determining the amount of redemption money, and the judgment of the district court is

AFFIRMED.