COZAD DITCH COMPANY ET AL., APPELLANTS, V. CENTRAL NEBRASKA PUBLIC POWER AND IRRIGATION DISTRICT ET AL., APPELLEES.

272 N. W. 560

FILED APRIL 8, 1937. No. 30092.

Hoagland, Carr & Hoagland, Cordeal, Colfer & Russell, Cleary, Suhr & Davis, E. J. Patterson, P. S. Heaton, Coufal & Shaw, Ray E. Sabata, Lloyd Pospishil, William H. Lamme, Paul E. Morris and B. J. Cunningham, for appellants.

R. O. Canaday and P. E. Boslaugh, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and CARTER, JJ.

EBERLY, J.

Certain motions have been filed in this cause and argued before the bar of this court. Preliminary to their disposition, it may be said that this is a second appearance of this cause in this court. Originally it was presented here under the title of *Osterman v. Central Nebraska Public Power and Irrigation District*, 131 Neb. 356, 268 N. W. 334, and the matters in dispute were disposed of in an opinion in which the orders of the department of roads and irrigation, approving and granting applications 2354, 2374, et al., were each set aside, annulled and revoked, and the cause remanded to such department with directions, if desired,

to grant leave to amend said applications by limiting the use of the waters taken thereunder to power purposes and to irrigation of lands situated within the Platte river watershed. The record now before us discloses that upon remand the applications 2354 and 2374 were amended, as directed by this court; that on November 27, 1936, amended application 2374 was in due form granted and approved by the department of roads and irrigation, "subject to the following limitations and conditions, viz.: (In application 2374) 1st. The water appropriated shall be used for the purpose of power and irrigation, said water, however, not to be diverted over and beyond the watershed of the Platte river and applied to lands situated without the basin of the Platte river. * * * 5th. The prior rights of the owners of land bordering on this stream or through which this stream flows, to so much of the natural flow of the stream as is necessary for domestic uses, including stock water, must be respected. 6th. The prior rights of all persons who, by compliance with the laws of the state of Nebraska, have acquired a right to the use of the waters of this stream must not be interfered with by this appropriation."

As to amended application 2354, the conditions of the grant were: In paragraph 1 were included the conditions incorporated in the first paragraph of amended application 2374; and the following in paragraphs 6 and 7:

"6th. The rights of all persons who by compliance with the laws of the state of Nebraska governing in the appropriation of water, or who by continuous beneficial use have acquired the right to use of the waters of Platte river or any tributary stream, or any stream to which Platte river is tributary, prior to the date of this filing, shall not be interfered with by this appropriation. 7th. This grant is made subject to the provisions of the Nebraska irrigation laws, which gives preference to appropriators using the water for domestic and agricultural uses, over those using it for manufacturing and power purposes."

It may be noted in passing that an "amendment" implies "an addition or change within the lines of the original

instrument as will affect an improvement or better carry out the purpose for which it was framed." 2 C. J. 1317. See, also, *Livermore v. Waite,* 102 Cal. 113, 118, 36 Pac. 424, 25 L. R. A. 312. And it implies a correction of errors. *McCleary v. Babcock,* 169 Ind. 228, 233, 82 N. E. 453. It also implies an improvement, a correction of faults or errors, or a mistake. *Hardin v. Boyd,* 113 U. S. 756, 5 Sup. Ct. Rep. 771; *McCleary v. Babcock, supra; Shroyer v. Pittenger,* 31 Ind. App. 158, 67 N. E. 475; *Lennox v. Vandalia Coal Co.,* 158 Mo. 473, 488, 59 S. W. 242; *In re Pennsylvania Telephone Co.,* 2 Chest. Co. Rep. (Pa.) 129, 131; *Givens v. Wheeler,* 6 Colo. 149, 151; *Woodruff v. Dickie,* 5 Rob. (N. Y.) 619, 622.

It is common practice, in case of reversal on appeal, for the appellate court to remand the cause with directions to the lower court to permit amendments. The effect of the amendment, if made, is to continue for all purposes the original proceeding in full force and effect, including jurisdiction of the parties and subject-matter of the litigation, modified of course to conform to the limitations imposed by the amendment so made. *McKeighan v. Hopkins,* 19 Neb. 33, 26 N. W. 614; *Norfolk Beet-Sugar Co. v. Hight,* 59 Neb. 100, 80 N. W. 276; *McCague Savings Bank v. Croft,* 87 Neb. 770, 128 N. W. 504; *Butler v. Secrist,* 92 Neb. 506, 138 N. W. 749; *Criswell v. Criswell,* 101 Neb. 349, 358, 163 N. W. 302.

The order of reversal of this court, when complied with, was effective to continue the original proceeding, to preserve the priority of the original applications within the scope of the amendment permitted, and was also effective to secure in the tribunal to which the remand was made the retention of uninterrupted jurisdiction over parties to the original proceeding as amended, and of the subject-matter thereof. *Farmers Canal Co. v. Frank,* 72 Neb. 136, 100 N. W. 286.

Thereafter, the parties who were such at the time of the hearing and determination of the issues presented to this court on the former appeal commenced proceedings in the

department of roads and irrigation to set aside said orders granting and approving amended applications 2354 and 2374. Certain other parties joined with them, who were not parties in the original case of *Osterman v. Central Nebraska Public Power and Irrigation District.* Whatever designation may be made use of to identify those for the first time joining in this proceeding, they are substantially interveners entitled to all the rights and subject to all the liabilities of that status. The present case is but a continuation of the *Osterman* case. It is, in fact, the same case, with the same subject-matter contained in the original proceeding, but substantially limited in the continuance thereof. Intervening after a final decree, the parties so doing take the case as they find it. They are bound by the law of the case previously formally declared or necessarily determined. Such intervention is not intended to change the nature and character of the action itself, or to stop the machinery of the trial thereof. *Reay v. Butler,* 7 Pac. (Cal.) 669, 671.

The controlling rule, as applied to the situation here presented, appears to be: "He (an intervener) has, or may be given, the benefit of proof already taken, and may be required to accept it as evidence against him. * * * An intervener must abide by the pleadings as he finds them at the time of his entry; he cannot be heard to raise any new issue. Thus an intervener cannot enlarge the scope of a suit by setting up a defense not open to defendant on the ground that, if he had been sued, such defense would have been available to him." 21 C. J. 346, 347.

The present record comes to this court pursuant to section 81-6315, Comp. St. 1929. It contains the orders of the department of roads and irrigation granting and approving amended applications 2354 and 2374, and also the applications by appellants to have such grants and approvals set aside and annulled, and it appears that these applications were heard on January 5, 1937. As to these, the certificate attached to the so-called bill of exceptions includes the following: "I further certify that findings or order of the

state engineer have not yet been made in said cause in the matter of the hearing held on January 5, 1937, herein, for the reason said cause is under advisement and now pending before the department of roads and irrigation; and that the originals of said records, copies of which are attached and certified herein as to each of said amended application number 2354 and amended application number 2374, are on file in the office of the department of roads and irrigation at Lincoln, Nebraska."

In this view of the record, the following disposition of the motions being considered is made:

The motion on behalf of the department of roads and irrigation that it be dismissed from the proceeding is sustained. It is not a party in interest, and no relief may be claimed against it in this proceeding. *Kirchoff v. Board of County Commissioners of McLeod County,* 189 Minn. 226, 248 N. W. 817.

Appellees' motion, "that each of the following petitions in error be stricken from the files of this court; that the summons in error be quashed; and said error proceedings be dismissed for the reason that proceedings in error in matters of this kind have been abolished in this state, and that said petitions in error needlessly encumber the record and complicate the issues, to wit: 1. The petition in error of the Cozad Ditch Company et al.; 2. The petition in error of C. T. Young, Amos Kaufman, and C. E. Faught; 3. The petition in error of Theo Osterman et al.; 4. The petition in error of the Gothenburg Light and Power Company et al.; 5. The petition in error of Butler, Colfax, and Dodge counties," is sustained. This, for the reason that section 81-6315, Comp. St. 1929, provides, with reference to review of proceedings had in the department of roads and irrigation: "The procedure to obtain such reversal, modification or vacation of any such decision or order upon which a hearing has been had before said department shall be governed by the same provisions now in force with reference to appeals and error proceedings from the district court to the supreme court of Nebraska." *Hooper*

*Telephone Co. v. Nebraska Telephone Co.*, 96 Neb. 245, 147 N. W. 674; *Byington v. Chicago, R. I. & P. R. Co.*, 96 Neb. 584, 148 N. W. 520.

Appeals to the supreme court from the district court are regulated by sections 20-1912 et seq., Comp. St. 1929.

Error proceedings to the supreme court from the district court, except in criminal cases, are abolished. *Brandt v. State*, 80 Neb. 843, 115 N. W. 327.

Appellee's motions include an application to strike from the transcript filed January 24, 1937, the following instruments, motions, and pleadings, viz.:

"1. Telegram of A. C. Tilley to B. J. Cunningham, dated November 25, 1936.

"2. Telegram from Theo Osterman et al., by B. J. Cunningham, to A. C. Tilley, dated November 27, 1936.

"3. Telegram from state engineer to Cunningham, dated November 26, 1936.

"4. Motion to set aside order allowing applications and for leave to file objections by Riverside Park Association et al. and Theo Osterman et al., filed November 28, 1936.

"5. Affidavit of B. J. Cunningham, filed November 28, 1936.

"6. Objections of Riverside Park Association et al. and Theo Osterman et al. to allowance of said applications, filed November 28, 1936.

"7. Request for hearing on objections to amended applications by Riverside Park Association et al., filed November 28, 1936.

"8. Amended objections to acceptance, allowance, or approval of applications by Theo Osterman et al., filed December 8, 1936.

"9. Amended and supplemental objections of Riverside Park Association et al., filed December 8, 1936.

"10. Proof of service, filed December 10, 1936.

"11. Objections of the Central Nebraska Public Power and Irrigation District and motion to strike, filed December 12, 1936.

"12. Notice to each attorney to file reply, filed December 15, 1936.

"13. Letter from Cunningham to Boslaugh, dated December 16, 1936.

"14. Reply of Riverside Park Association et al., filed December 22, 1936.

"15. Brief of objectors, Riverside Park Association et al., filed December 22, 1936.

"16. Acceptance of service of copy of the pleadings by the Central Nebraska Public Power and Irrigation District, filed December 24, 1936.

"17. Notice of hearing to be held January 5, 1937, filed December 24, 1936.

"18. Objections and answer of the Cozad Ditch Company et al. to amended application 2354, filed December 26, 1936.

"19. Application of Cozad Ditch Company et al. to vacate order, filed December 26, 1936.

"20. Reply of Theo Osterman et al., filed December 26, 1936.

"21. Objections of Gothenburg Light and Power Company, filed December 26, 1936.

"22. Application for rehearing by county of Butler et al., filed December 28, 1936.

"23. Telegram of state engineer fixing date of hearing, filed January 2, 1937.

"24. Letter from Canaday to Coufal and Shaw, dated January 4, 1937.

"25. Objections of the Central Nebraska Public Power and Irrigation District to application of Cozad Ditch Company et al., filed January 4, 1937.

"26. Motion of the Central Nebraska Public Power and Irrigation District to strike objections of Gothenburg Light and Power Company et al., filed January 4, 1937.

"27. Motion of the Central Nebraska Public Power and Irrigation District to strike objections of Butler county et al., filed January 4, 1937.

"28. Motion to vacate order of the department of roads and irrigation made by Gothenburg Light and Power Company et al., filed January 5, 1937.

"29. Reply of county of Butler et al. to motion filed by applicant, filed January 5, 1937.

"30. Motion of Cozad Ditch Company et al. for judgment on pleadings, filed January 6, 1937.

"31. Reply of Cozad Ditch Company et al., filed January 6, 1937.

"32. Amended objections of Gothenburg Light and Power Company et al., filed January 19, 1937."

The matters to which this motion is addressed all pertain to and constitute a part of appellants' application to the department of roads and irrigation to vacate and set aside the orders of November 27, 1936, granting and approving amended applications 2354 and 2374. As to this proceeding, the record before us presents no final order or judgment, as defined by section 20-1902, Comp. St. 1929. So far as this court is advised, the matters have as yet been undetermined by the department of roads and irrigation. Indeed, the fact affirmatively appears in the record before us that the entire matter is now under advisement preliminary to its determination and the entry of a final order. The existence of a final order is essential and a prerequisite to review in this court. *Yager v. Lemp,* 39 Neb. 93, 58 N. W. 285; *Larson v. Sloan,* 77 Neb. 438, 109 N. W. 752.

"An appeal will be dismissed where the record does not disclose the rendition of a final order or judgment." *Vrana v. Vrana,* 85 Neb. 128, 122 N. W. 678. See *Metzger v. Royal Neighbors of America,* 85 Neb. 477, 123 N. W. 1052.

It follows that the matters to which appellee's motion to strike is addressed serve no purpose whatever in the present record. They constitute no part of the proper transcript pertaining to the entry of the original orders. No rights in this proceeding in this court can be predicated upon a matter still pending, undetermined in the original tribunal from which an appeal is prosecuted. This court is sitting in the capacity of an appellate court only. It may only consider what is properly presented on an appeal from a final order. The subject-matter to which the motion now under consideration is addressed must be considered, there-

fore, as surplusage properly subject to a motion to strike; and thus appellee's motion to strike is sustained.

Lastly, appellee's motion also is that this appeal be dismissed for the reason that all of the matters and issues that can be presented and determined by this court on this appeal were presented and determined by this court on the former appeal of this case, being Case No. 29780 (*Osterman v. Central Nebraska Public Power and Irrigation District,* 131 Neb. 356, 268 N. W. 334) in this court, and that the orders entered by the department of roads and irrigation, from which this appeal was taken, are in strict accord with the mandate of this court; and for the further reason that the record in this case is inadequate and cannot be made adequate to review the orders of the department of roads and irrigation.

In a determination of the matters thus challenged, it must be remembered that this court does not ordinarily dispose of questions presented for review in instalments; neither does it ordinarily retry questions once determined, either expressly or by necessary implication, on the second appearance of the same cause before it; and, furthermore, we fully appreciate the fact that justice unnecessarily delayed results in justice denied.

So, also, the due application of the principle, viz., "A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, and has succeeded in maintaining that position, is estopped to assume a position inconsistent therewith to the prejudice of the adverse party" (21 C. J. 1223) is, in this case, appealing to the conscience of this tribunal. See, also, 21 C. J. 1148, 1149.

However, this situation requires the due consideration of the entire record in this cause, both as presented at the original hearing (131 Neb. 356, 268 N. W. 334) and as now filed in this court under the title *Cozad Ditch Company et al. v. Central Nebraska Public Power and Irrigation District and the Department of Roads and Irrigation.* The subject of this consideration, in addition to the formal records

of the department of roads and irrigation, includes the pleadings, the evidence, the briefs filed in the original hearing as well as in the instant presentation of this cause, the motions and briefs for rehearing addressed to the original opinion adopted herein, and the formal statements of attorney for appellants made at the bar of this court at the open public hearing first had in this cause, which was intended to, and did, induce this court to restrict the discussion of determinative questions in the opinion then duly promulgated (131 Neb. 356, 268 N. W. 334) to a determination of riparian rights in and to the waters of the Platte river, and the restriction of the use of the waters thereof for irrigation and power purposes to the Platte river basin, and to adjudge all other issues presented in said cause, at that hearing, for the purpose of the instant case, in conformity with the disposition of the litigation thus made.

These facts as embraced in the entire record lead inevitably to the conclusion that, at the first hearing of this cause, substantially every question now involved and presented in the record now before us, or now proper for consideration, in view of the pleadings and history of the case, was presented, considered, and in effect determined adversely to the present contentions of appellants as now made on the second appeal. It also fairly appears from the entire record that the just rights of the parties to this suit were duly declared at the first hearing in conformity with the presentation then made by them, and that due administration of our irrigation law by the department of roads and irrigation, and as required by the former opinion of this court, will be in harmony with the controlling contentions of the present appellants as made at the initial hearing of this cause in this court.

Therefore, it follows, that as no new questions are properly presented on appeal by the record as now filed in this court, as well as for the reasons already suggested herein, the motion to dismiss this appeal should be, and is, sustained.

It is further directed that this dismissal be entered on the records of this court, and that a mandate conforming thereto be issued forthwith.

APPEAL DISMISSED.