THEODORE M. OSTERMAN ET AL., APPELLANTS, V. CENTRAL
NEBRASKA PUBLIC POWER AND IRRIGATION DISTRICT, APPEL-
LEE.
276 N. W. 398

FILED DECEMBER 10, 1937. No. 30207.

B. J. Cunningham, W. P. Lauritsen, P. S. Heaton, E. J.
Patterson, Paul R. Morris, Lloyd L. Pospishil, Coufal &
Shaw, William H. Lamme, Ray E. Sabata, Cleary, Suhr &
Davis, Hoagland, Carr & Hoagland and Cordeal, Colfer &
Russell, for appellants.

R. O. Canaday and P. E. Boslaugh, contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, CARTER
and MESSMORE, JJ., and TEWELL, District Judge.

ROSE J.

The question for determination arises on a motion to
dismiss an appeal from the state department of roads and
irrigation to the supreme court.

The litigation was instituted by proceedings before that
public tribunal, the forum of original jurisdiction. To it
the Central Nebraska Public Power and Irrigation Dis-
trict, commonly called "Tri-County District," directed four
applications for permission to divert in Nebraska and use
waters of the North Platte and Platte rivers.

Application 2351 asked for an order authorizing Tri-

County district to divert waters at "Maxwell Diversion" from the Platte river in Lincoln county above Brady Island for conveyance by channel to and storage in upper and lower Plum creek reservoirs to be constructed in northern Gosper county. Application 2354 was for authority to use waters between the Maxwell Diversion and the mouth of Plum creek for generating hydro-electric power and after such use, in part, for irrigation. Application 2355 was for the right to use waters diverted at the Maxwell Diversion for the purposes of irrigation in Gosper, Phelps, Kearney and Adams counties, by means of the canal supplying Plum creek reservoirs. This latter application asked also for authority to divert waters of the Platte river near the mouth of Plum creek and also below the city of Kearney. Application 2374 was for permission to construct a channel reservoir in the basin of the North Platte river a few miles above Keystone in Keith county.

These projects included canals to carry vast quantities of water for irrigation and power from the Platte river southward beyond its watershed into the watersheds of the Republican and the Blue rivers. Before the state department of roads and irrigation, administered by the state engineer, these proposed diversions of waters from one watershed to others were resisted by many irrigating appropriators of Platte river waters and by riparians along that stream. Upon a hearing before the state engineer, after he acquired jurisdiction, the applications enumerated were granted. Parties objecting to the orders of the state department appealed to the supreme court. By printed briefs and oral statements of counsel at the bar, the litigants and the appellate court limited the issue for determination to the diverting of waters from the Platte river watershed to the others. The appeal resulted in an adjudication that the department of roads and irrigation was without power to authorize the Tri-County District to divert Platte river waters by canals to the watersheds of the other rivers for irrigation and power. The granting of applications 2351, 2354, 2355 and 2374 therefore were

all reversed and the cause remanded to the state department, with directions, if desired, to grant applicant leave to amend the applications by limiting the use of waters taken thereunder to power purposes and to irrigation of lands in the watershed of the Platte river. *Osterman v. Central Nebraska Public Power and Irrigation District,* 131 Neb. 356, 268 N. W. 334.

After the mandate of the supreme court appeared in the tribunal of original jurisdiction, applications 2354 and 2374 were amended as directed by the supreme court and in the amended' form were granted November 27, 1936, on condition forbidding diversion of waters beyond the Platte river watershed; protecting the right of riparians to the use of water for domestic purposes; respecting the rights of prior appropriators of water for irrigation and rights acquired by continuous beneficial use of waters; complying with laws giving users of waters for domestic, agricultural and irrigating purposes preference over users for manufacturing and power purposes.

From the judgment of the department of roads and irrigation, granting applications 2354 and 2374 as amended pursuant to the opinion, judgment and mandate of the supreme court, the Cozad Ditch Company and others appealed in the same case and brought up the identical record of the former appeal in its entirety.

Upon the second appeal the entire record, pleadings, evidence and judgments of both tribunals were patiently reexamined in connection with new briefs and oral arguments. It was thereupon adjudicated that the orders from which the appeal was taken conformed to the mandate of the supreme court; that every material question argued by appellants on the second appeal had been determined on the former appeal and that no undetermined justiciable issue in the proceeding had been left open for further controversy. The second appeal was accordingly dismissed. *Cozad Ditch Co. v. Central Nebraska Public Power and Irrigation District,* 132 Neb. 547, 272 N. W. 560.

After the proceeding again appeared in the state de-

partment of roads and irrigation by mandate from the supreme court, parties having no former connection with the case filed with the state engineer a petition assailing his grant of power to the Tri-County District November 27, 1936, and also assigned error in the previous adjudication permitting the amendment of applications 2354 and 2374, and alleging that petitioners had no notice of those applications; that the new petitioners had never been accorded a hearing thereon; that there were no unappropriated waters in the Platte river which could be devoted to the projects of the Tri-County District at its point of diversion; that the new petitioners have prior water rights which the proposed diversion will destroy; that the diversion will lower the underground water levels and thus injure property rights of petitioners, riparians and of irrigators; that the state engineer's grant of power to the Tri-County District was detrimental to the public welfare. The new petitioners in the same original proceeding, assuming to be parties whose rights had not been adjudicated, appealed from the state engineer's order of November 27, 1936, objected to it as erroneous and challenged the supreme court's judgment directing the department of roads and irrigation to amend the applications. On this third appeal the new petitioners brought up the entire record which, twice before, had been considered in review. Some of the original parties also now seek further relief herein.

With the record in the condition outlined, the Central Nebraska Public Power and Irrigation District presented a motion to dismiss the third appeal.

The new petitioners have no greater rights than those generally accorded interveners. They were not necessary parties when the state engineer in the proper exercise of original jurisdiction granted applications 2354 and 2374 as amended by direction of the supreme court. They appeared in the proceeding and are bound by the condition in which they found it, including former adjudications. They were not entitled to relitigate issues and matters already determined in the case in which they appeared.

These are familiar principles of law essential to orderly judicial procedure. Original parties joining in the third appeal are in no better situation than the new petitioners as to former final adjudications. Neither group has anything new to review on appeal to the supreme court. A reexamination of the entire record in connection with briefs and oral arguments on the motion to dismiss leads to the conclusion that no new material issue is raised on the third appeal. Every question involving alleged new matter was adjudicated by the supreme court on the former appeals. *Osterman v. Central Nebraska Public Power and Irrigation District,* 131 Neb. 356, 268 N. W. 334; *Cozad Ditch Co. v. Central Nebraska Public Power and Irrigation District,* 132 Neb. 547, 272 N. W. 560.

It necessarily follows that the motion to dismiss the third appeal must be sustained.

DISMISSED.