ERMIN C. BENES, APPELLEE, V. EUGENE MATULKA,
APPELLANT.

157 N. W. 2d 382

Filed March 15, 1968.    No. 36720.

Lyle Q. Hills, for appellant.

Johnston, Grossman & Johnston and Vogeltanz & Kubitschek, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action to recover damages for the alleged conversion by the defendant of seven steers owned by the plaintiff. The petition originally contained two causes of action, but the first cause of action was dismissed by the plaintiff.

The defendant filed an amended answer and cross-petition which denied the conversion and alleged that the plaintiff had slandered the defendant and maliciously had caused him to be prosecuted. The slander consisted of statements that the defendant had taken and stolen the plaintiff's cattle. The prosecution was a charge of selling branded cattle without a bill of sale and was based on the plaintiff's complaint that the defendant had stolen the plaintiff's cattle.

Upon the motion of the plaintiff, the amended cross-petition was stricken from the files. The defendant

filed a motion for new trial, alleging that the order sustaining the plaintiff's motion to strike the amended cross-petition was erroneous. The motion for new trial was overruled and the defendant has appealed.

The defendant contends that the plaintiff's motion to strike should have been overruled because defendant's claim for damages for slander and malicious prosecution arose out of the same transaction as the plaintiff's claim, the alleged conversion of steers, or is connected with the subject of the action and may be pleaded as a counterclaim under section 25-813, R. R. S. 1943.

In Watts v. Gantt, 42 Neb. 869, 61 N. W. 104, the plaintiff commenced an action to foreclose a real estate mortgage and requested that a receiver be appointed. Service was had by publication and a notice of application for the appointment of a receiver was published. The defendant's answer included a counterclaim which alleged that the defendant had been damaged by a libelous statement in the notice of application for a receiver. This court held that the action for libel could not be pleaded as a counterclaim in the foreclosure action and stated as follows: "In the case of Rothschild v. Whitman, 30 N. E. Rep. [N.Y.], 858, we find the following statement: 'Where a seller of goods on credit causes the arrest of the buyer for inducing the sale by deceit, and the buyer, after discharge, sues for malicious prosecution, a claim by the seller for damages for the deceit is not a valid counterclaim, since it does not arise out of the same transaction, and is not connected with the subject-matter of the action as required by Code of Civil Procedure, section 501. * * * On the contrary, the effort is here made to set up one tort committed in January against another committed in September; the one being for an injury to property, and the other for an injury to the person. The circumstance that the deceit which constituted the former was the pretext or excuse for perpetrating the latter, establishes no such connection as to satisfy the statute, any more than if A slanders B on the 4th of July, and B thrashes

him for it at Christmas.'" See, also, Barr v. Post, 56 Neb. 698, 77 N. W. 123; President & Directors of Ins. Co. of North America v. Parker, 64 Neb. 411, 89 N. W. 1040; 20 Am. Jur. 2d, Counterclaim, Recoupment, and Setoff, §§ 39, 41, 42, 45, pp. 261, 263, 264, 265; Annotation, 10 A. L. R. 2d 1167.

The claim for slander and malicious prosecution could not be pleaded as a counterclaim in the conversion action. The motion to strike the amended cross-petition was properly sustained.

The plaintiff suggests that the appeal should be dismissed because there has been no final order. The record does not show any further proceedings in the district court after the order overruling the motion for new trial directed at the order striking the amended cross-petition. The question presented is whether the order striking the amended cross-petition is a final order which can be reviewed on appeal while the conversion action is otherwise pending in the district court.

A similar question was presented in Yager v. Lemp, 39 Neb. 93, 58 N. W. 285. In that case a demurrer to a counterclaim was sustained, and a motion for leave to docket the counterclaim as a separate action was overruled. The court held that the order sustaining the demurrer to the counterclaim and the order overruling the motion to docket the counterclaim as a separate action were not final orders, and dismissed the error proceeding. See, also, Barry v. Wolf, 148 Neb. 27, 26 N. W. 2d 303; State ex rel. Sorensen v. State Bank of Omaha, 131 Neb. 223, 267 N. W. 532; Whitney v. Spearman, 50 Neb. 617, 70 N. W. 240; Welch v. Calhoun, 22 Neb. 166, 34 N. W. 348.

There has been no final order in this case and the appeal must be dismissed.

APPEAL DISMISSED.