WARREN O. McCLURE, APPELLEE, v. LUKE LAVENDER AND E. MARY GREGORY, APPELLANTS.

1. **Error:** PRESUMPTION. Before a judgment or decree will be rendered for alleged errors occurring on the trial of the cause such errors must be made to appear affirmatively of record' Error is never presumed.

2. **Limitation on Tax Lien.** The statute of limitations commences to run on the right to enforce a lien for taxes when the title under the tax deed fails. *Bryant v. Estabrook*, 16 Neb. 217.

3. **Taxes:** FORECLOSURE OF LIEN: NOTICE. Under the provisions of section 3, article 9, of the Constitution, it is not necessary to serve a notice on the defendant before bringing a suit to enforce a tax lien. *Id.*

APPEAL from the district court for Lancaster county. Tried below before POUND, J.

McClure v. Lavender.

*J. S. Gregory,* for appellant.

*W. H. Snelling,* for appellee.

REESE, J.

This is an action to foreclose tax liens upon the property described in the petition. The petition consists of a number of counts or paragraphs referring to the different parcels of ground purchased and the amount due on each. It is alleged that tax deeds were executed to plaintiff on the various sales, but that the title has failed and a foreclosure of the tax liens is prayed. So far as the record before us discloses, defendant, Lavender, is not seeking a review of the decree of the district court. The abstract of the answer of defendant, Gregory, shows the following defenses to have been presented: *First.* That the petition contained several causes of action improperly joined. *Second.* Plaintiff's claim is barred by the statute of limitations. *Third.* That defendant has continuously occupied the premises since Sept. 1st, 1874, and no notice of tax lien has been served upon her. *Fourth.* That the levy of taxes was largely made for city purposes as upon city lots within the city of Lincoln, while the land was not a part of the city, and was also assessed as "acre" property. *Fifth.* A general denial of the allegations of the petition not admitted.

The decree of the district court being in favor of plaintiff, defendant Gregory appeals and assigns the following errors: "*First.* The amount of the judgment is grossly in excess of all claims of lien shown by the evidence and pleadings. *Second.* The court erred in refusing to require plaintiff to separately state and number his several causes of action. *Third.* The court erred in refusing to find that the clause of lien was barred by the statute of limitations. *Fourth.* The court erred in admitting in evidence the tax certificates and receipts which were not countersigned by the county clerk.

*Fifth.* The court erred in refusing to find that the plaintiff is estopped from maintaining this action by the provisions of sections 123 and 129 of chapter 77 of the statutes of Nebraska. *Sixth.* The court erred in giving judgment for lien of city tax for the years prior to the lots becoming a part of the city. *Seventh.* The court should have dismissed the plaintiff's action and given defendants judgment for their costs."

As to the second, fourth, sixth, and seventh assignments of error, it must be sufficient to say that the abstract does not furnish sufficient *data* to enable us to say that there was error. There is nothing shown as to the ruling of the court upon any motion for an order to require plaintiff to separately state and number his causes of action, nor are the tax certificates set out so as to show whether they were signed by the county clerk or not. It is quite probable that such signature is not necessary, as sections 103 and 104 of the revenue law make no such requirement. Neither is there anything before us to show whether or not the property was or was not within the city of Lincoln when taxed, nor whether it was taxed as "acre" property or not. It is well settled, by the adjudications of this court that a judgment will not be reversed unless error affirmatively appears of record, and that presumptions are in favor of the regularity of the proceedings of the trial court.

As to the third assignment of error, we are content to refer to *Bryant v. Estabrook*, 16 Neb., 217, wherein it is held that the statute of limitations commences to run on the right to enforce a lien for taxes when the title under the tax deed fails. See also *County of Otoe v. Mathews*, 18 Neb, 466.

The sixth assignment of error evidently refers to the probable fact that no notice was given to the owner of the property of the expiration of the time for redemption. This was not necessary. *Bryant v. Estabrook, supra.*

As to the first, and only remaining assignment of error,

I have not the time at my disposal to make the necessary computation for the purpose of ascertaining whether the amount found due is too large or not.    There are a great number of payments upon which the interest would have to be computed, and no computation is furnished by appellant.    If she so requests within twenty days, the cause will be referred to an accountant for the purpose of making the computation, and upon his report being filed the decree will be modified to correspond thereto.    In case no such request should be made the decree of the district court will be affirmed as it now is.

JUDGMENT ACCORDINGLY.

THE other judges concur.