FREDERICK SONNENSCHEIN ET AL. V. CHARLES BARTELS ET AL.

FILED SEPTEMBER 18, 1894.   No. 4676.

1. **Fraudulent Conveyances:** EVIDENCE OF COLLATERAL FACTS. In all cases where the issue is fraud considerable latitude will be allowed the party upon whom the burden rests, and evidence will be received of collateral facts, including subsequent events, provided they shed light upon the transaction involved and tend to explain the motives of the parties.

2. ———: ———: RELEVANCY. In determining the relevancy of collateral facts in such cases the proximity in point of time to the principal transaction is not the exclusive test, but also whether they are capable of affording any reasonable presumption or inference with reference to such transaction.

REHEARING of case reported in 37 Neb., 592.

*J. C. Crawford,* for plaintiffs in error.

*T. M. Franse* and *M. McLaughlin, contra.*

Post, J.

This case was before us at the September, 1893, term, at which time a decision was announced affirming the judgment of the district court. (See *Sonnenschein v. Bartels,* 37 Neb., 592.) Subsequently, it appearing that we had overlooked the fourteenth assignment of the petition in error, a rehearing was ordered. The error therein assigned is the receiving, over the plaintiffs' objection, of evidence tending to prove that the sureties on certain notes executed by Anton and Dominick Brazada in the firm name of Brazada Bros. to Bartels, had incumbered and disposed of their property subsequent to the transaction between the plaintiffs and the Brazadas, which is the subject of the present controversy.

It is disclosed by the record that the Brazadas had purchased the stock of goods in controversy from Bartels about eight months previous to the sale thereof by them to plaintiffs, and were, at the time of the last named transaction, indebted to Bartels therefor in about the sum of $7,000. Of the amount above named some $400 was past due, and all represented by notes of said firm, with W. Brazada, F. Brazada, Frank Korn, John Welna, and Joseph Kofka as sureties. On the second day after the sale of the stock to plaintiffs the sureties above named executed numerous deeds and mortgages purporting to convey and incumber a large amount of property, real and personal. It is claimed by defendants that such conveyances included all of the property then owned by the makers, which contention we assume to be fully sustained by the record. It is a reasonable assumption, also, that the object of said conveyances was to defraud the defendant Bartels. But is the fraud of the sureties of Brazada Bros. against Bartels admissible in this action, where the question at issue is the fraud or good faith of the sale by the Brazadas to plaintiffs? We find in the record no evidence tending to prove

that the fraudulent purpose of the sureties was inspired by the plaintiffs, or ever known to them before the filing for record of the conveyances mentioned; nor does it appear from the proofs that the Brazadas, Anton and Dominick, were informed of the intention of their sureties to dispose of their property until after the execution of said conveyances. In all such cases, where the issue is fraud, considerable latitude will be allowed the party upon whom the burden rests, and evidence of collateral facts, including subsequent events, will be received, provided they shed light upon the transaction involved and tend to explain the motives of the parties. (1 Greenleaf, Evidence, 53.) But subsequent events within the above rule are limited to those acts which are in contemplation by the parties at the time of the principal event, and such others as tend to show a fraudulent intent at the time of the transaction involved. (May, Fraudulent Conveyances, 35.) The test by which the relevancy of collateral facts in such cases is to be determined is not their proximity in point of time with the principal transaction, but whether they are capable of affording any reasonable presumption or inference with respect thereto. (1 Greenleaf, Evidence, 52.) Judged by that test it would seem that evidence of the subsequent conveyances by third parties in fraud of the rights of Bartels is inadmissible, as in nowise tending to explain the motives of the parties to the contract here involved. The fact that the parties to the fraudulent conveyances are sureties for the Brazadas we must, upon the record, regard as immaterial. It follows that the ruling assigned is error, for which the judgment of the district court must be reversed and the cause remanded for further proceedings therein. That we should have overlooked this question upon the former hearing is a fact to be deplored, although it is not astonishing, in view of the fact that in the 130 pages of printed briefs we are not referred to a single page of the record, comprising over 400 pages of testimony, be-

side as much more of exhibits; but that fact, although to be regretted, because imposing additional and unnecessary burdens upon us, is not the most flagrant transgression of professional ethics, or the rules of the court, which it is our duty to notice.

We find a considerable part of the several briefs devoted to an interchange of courtesies between counsel for the respective sides, in which the personal and professional character of each is violently assailed. Such a course, inexcusable upon any condition or provocation, is the more culpable in this instance, since the mutual charges are based upon matters confessedly outside of the record. In addition to what has recently been said in condemnation of such a practice it may not be amiss to remind counsel that such briefs are neither entertaining nor instructive to the members of the court, and that by inserting like objectionable matter they take the risk of our overlooking the meritorious part thereof.

REVERSED AND REMANDED.