DAVID VAN ETTEN ET AL. V. WILLIAM MEDLAND ET. AL.

FILED FEBRUARY 2, 1898.  No. 7712.

1. **Taxation:** ACTION TO ENFORCE LIEN: NOTICE TO REDEEM. It is the settled rule in this state that a purchaser at a tax sale is not required to give the notice to redeem mentioned in section 3, article 9, of the constitution, to maintain an action to enforce a tax lien.

2. **Pleading:** DEFINITENESS: WAIVER. The filing of a demurrer to a petition is a waiver of the right to insist that the allegations of the pleading shall be made more definite and certain.

3. **New Trial: Exceptions: Review.** An exception in the trial court to an order denying a motion for a new trial is necessary to obtain a review in this court of questions properly included in such motion.

Error from the district court of Douglas county. Tried below before Ferguson, J. *Affirmed.*

*David Van Etten,* for plaintiffs in error.

*Henry W. Pennock, A. C. Troup, Francis A. Brogan, Switzler & McIntosh,* and *B. F. Cochran, contra.*

Norval, J.

This is a proceeding to review the decree of the district court foreclosing a tax lien.

The first assignment is that the trial court erred in overruling the demurrer to the petition. It is insisted that the petition is fatally defective, inasmuch as it is not alleged therein that notice to redeem from the tax sale had been served upon the occupants of the land. Section 3, article 9, of the constitution is invoked to sustain the contention, which provides: "The right of redemption from all sales of real estate, for the non-payment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof; *Provided,* That occupants shall in all cases be served with personal notice before the time of redemption expires." The foregoing provision has been frequently under consideration by this court, and it has been uniformly ruled that the redemption notice is essential only where a tax deed is sought, and that service of such notice is unnecessary to maintain an action to enforce a tax lien. (*Bryant v. Estabrook,* 16 Neb. 217; *Lammers v. Comstock,* 20 Neb. 341; *McClure v. Lavender,* 21 Neb. 181; *Helphrey v. Redick,* 21 Neb. 80.) This construction of the constitution has been adhered to so long as to now become a rule of property, and we do not feel at liberty to investigate the question anew.

After the demurrer was overruled, the defendants assailed the petition by a motion to make the pleading more definite and specific by attaching copies of the receipts for taxes paid. The motion was denied, and the ruling is urged as a ground for reversal. The motion was made too late to be of any avail. It should have been presented prior to the filing of the demurrer. (*Fritz v. Grosnicklaus*, 20 Neb. 413.)

Another contention is that plaintiff permitted the real estate to be sold for taxes before the expiration of the last day of the second annual sale occurring after the date of plaintiff's purchase, and therefore section 120, article 1, chapter 77, of the Compiled Statutes should control the case. The record discloses that plaintiff's purchase was on October 17, 1888, and that the real estate was again sold to one Pilot on November 10, 1891, which was during the third annual sale after the one at which plaintiff bid in the land at tax sale. The section of the statute invoked by the defendant, therefore, has no application here.

It is finally insisted that there was error in the assessment in the amount of recovery. This question was raised by the motion for a new trial, but it is unavailing in this court, for the reason no exception was taken in the court below to the overruling of such motion. (*Lowrie v. France*, 7 Neb. 191; *Murray v. School District*, 11 Neb. 436; *Burke v. Pepper*, 29 Neb. 320.) The decree is

AFFIRMED.