CHARLES BARTELS ET AL. V. FREDERICK SONNENSCHEIN ET AL.

FILED MARCH 3, 1898.    No. 7781

1. **Review**: FINAL ORDER.    To obtain a review there must be a final order or judgment on the merits of the action in the court below.

2. ———: ———.    An order overruling a plea in abatement is not a final order.

ERROR from the district court of Douglas county. Tried below before BLAIR, J.    *Proceeding in error dismissed.*

*Morris, Beekman & Marple, M. McLaughlin,* and *T. M. Franse,* for plaintiffs in error.

*J. C. Cowin, J. C. Crawford,* and *E. K. Valentine, contra.*

NORVAL, J.

This is the second appearance of the cause in this court.    On the first submission the judgment of the trial court was affirmed.    (*Sonnenschein v. Bartels,* 37 Neb. 592.)    A rehearing was allowed and a second submission was taken, which resulted in a judgment of reversal, and the cause was remanded to the district court for further proceedings.    (41 Neb. 703.)    The action was for the conversion of a stock of general merchandise.    The answer sets up two defenses, the first being matters in abatement to the suit, and the other relating to the merits of the controversy.    Upon the second trial in the court below the jury returned two verdicts, one in favor

of the plaintiffs as to the plea in abatement interposed by the defendants, and the other finding for the defend-·· ants as to the issues joined on the merits.   This last ver- dict was set aside on motion of the plaintiffs, and the defendants' separate motions for a new trial were over- ruled, and the judgment was entered that "the defend- ants and each of them are within the jurisdiction of the court, and that part of the answer filed by the defendants herein, designated and denominated as the first ground of defense, wherein and whereby is pleaded, be, and the same is hereby, dismissed from the case and stricken and eliminated from the answer."   The defendants have prosecuted error proceeding to this court.   No final judg- ment has been entered on the merits in the court below, but the action is there pending and undetermined.

The order above set forth is not one to which error will lie until the final disposition of the case by the district court.   Had a general demurrer been sustained to the first defense of the answer, or said defense been stricken from the pleading, on motion, the ruling could not be reviewed before final judgment was entered on the merits, and the same is equally true of the order herein assailed.   (*School District v. Cooper*, 29 Neb. 433; *Welch v. Calhoun*, 22 Neb. 166; *Brown v. Edgerton*, 14 Neb. 453; *Grimes v. Chamberlain*, 27 Neb. 605; *Bartram v. Sherman*, 46 Neb. 713; *Lewis v. Barker*, 46 Neb. 662; *Hall County v. Smith*, 49 Neb. 274.)   For want of jurisdiction the peti- tion in error is

DISMISSED.