LOUISA LARSON, ADMINISTRATRIX, APPELLANT, V. THOMAS
L. SLOAN, APPELLEE.

FILED NOVEMBER 10, 1906. No. 14,453.

Appeal: FINAL ORDER. An order sustaining a general demurrer to a petition, not followed by a judgment of dismissal or other final disposition of the case, is not a final order or judgment, and is not reviewable in this court.

APPEAL from the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed.*

Larson v. Sloan.

*E. J. Smith* and *R. G. Strong,* for appellant.

*Curtis L. Day,* contra.

AMES, C.

This is an action to recover damages on an appeal bond given in a forcible detainer suit, in which the appellant failed upon his appeal. There was a general demurrer to the petition in this case which was sustained, but at a subsequent term of court, and before any other steps of importance had been taken in the cause, the court, upon application and notice to the defendant, granted a rehearing upon the demurrer, and after further consideration, and at a still subsequent term, overruled it. The defendant declined to appear further in the case by pleading or otherwise. The court afterwards, and presumably after hearing proof in the cause, rendered a judgment for the amount prayed in the petition, with interest, and costs, and the defendant appealed to this court.

No motion for a new trial was made in the lower court and no bill of exceptions was filed or prepared. In this court the defendant criticises the petition somewhat, rather for uncertainty than for insufficiency of statement, but in so far as it is defective, if it is so at all, its deficiencies were capable of being supplied by proof admitted without objection, and we are bound to presume that the evidence sufficed in that regard, and do not feel called upon to discuss the matter further. Indeed, counsel for the defendant, who submitted his case without oral argument, treated this branch of it in a few brief and, to our minds, somewhat obscure paragraphs, the full purport of which we, perhaps, do not fully understand.

His main contention is that the order sustaining the demurrer to the petition was a final order or judgment, over which the court lost control with the adjournment of the term at which it was made, so that after that event it was reviewable only by proceedings in error in this

court, and that the order at a subsequent term vacating it and overruling the demurrer, and the still subsequently rendered judgment, from which he appeals, were both, for that reason, without jurisdiction in the court to render them and are void. His brief contains an able and exhaustive criticism and review of the decisions of this court, beginning with *Smith v. Sahler,* 1 Neb. 310, and *Sprick v. Washington County,* 3 Neb. 253, which are the origin and foundation of the contrary practice, and which, as he considers, besides having been rendered in ignorance of or inadvertence to the true rule of law, have since then been the subject of unwarranted inference by the bench and profession. Granting, for the sake of the discussion, or rather for the purpose of evading a discussion, the justice of his strictures, we are of opinion that less harm will be likely to result from adherence to a mistaken view of the law than would arise from a sudden and radical change of an important rule of practice that has been universally acquiesced in for nearly 40 years.

We are therefore of opinion that the judgment of the district court is right, and recommend that it be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.