STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. STATE BANK OF OMAHA: E. H. LUIKART, RECEIVER, APPELLANT: NATIONAL SURETY COMPANY, INTERVENER, APPELLEE.

FILED JUNE 12, 1936. No. 29611.

*Howard Saxton,* for E. H. Luikart, receiver of Verdigre State Bank, appellant.

*Smith & Schall* and *Gerald M. Vasek,* for National Surety Company, appellee.

*F. C. Radke* and *Clarence G. Miles,* for State Bank of Omaha.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

EBERLY, J.

In a proceeding instituted by the attorney general of this state, in the district court for Douglas county, under our banking act, having for its purpose the winding up of the affairs of the State Bank of Omaha, an insolvent institution, George S. Van Schaick, superintendent of insurance of the state of New York, filed a petition of intervention challenging the claim of E. H. Luikart, receiver of the Verdigre State Bank of Verdigre, Ne-

braska, to certain dividends claimed by him arising out of the State Bank of Omaha, and due to the National Surety Company of New York. The prayer of the petition of intervention included the following: "That intervener as superintendent of insurance of the state of New York in behalf of himself and National Surety Company be adjudged and decreed to be entitled to all dividends declared on the claims of the National Surety Company heretofore filed herein and adjudicated by the order of this court made on January 2, 1935."

To this, E. H. Luikart as receiver of the Verdigre State Bank, filed his "answer." It is made up of 26 numbered paragraphs, together with exhibits attached to this pleading, which in all comprise 201 pages of the typewritten transcript on appeal filed in this court.

To this pleading, intervener George S. Van Schaick, superintendent of insurance of the state of New York, filed his motion to strike parts of the answer of E. H. Luikart, for reasons stated therein. This motion to strike was made up of 35 paragraphs and excepted from its scope the first paragraph of the answer and the prayer thereof.

Thereafter, on April 25, 1935, after due hearing, an order was duly entered in this cause by the district court for Douglas county sustaining this motion to strike and setting forth: "It is by the court ordered that said motion be, and the same hereby is, sustained *in toto,* and said E. H. Luikart as said receiver, excepts."

It will be remembered that the first paragraph of the answer to intervener's petition was in no manner affected by the sustaining of this motion to strike. Such first paragraph admits paragraph one of said petition of intervention; admits that on June 1, 1934, an order, a copy of which is attached to said petition of intervention as exhibit 1, was professed to be entered in the supreme court of the state and county of New York; and admits that exhibit 2, attached to said petition of intervention, is a correct copy of article XI, chapter 191 of the Laws

of New York; *and denies each and every other allegation in said petition of intervention contained.* There also remains wholly unaffected by this order of the district court for Douglas county the prayer for relief forming a part of Luikart's answer.

Notwithstanding the effect of the motion thus sustained, issues were actually joined and the cause is still pending in the district court for Douglas county. The record now before us discloses no final order making any disposition of such cause. But from the order of the district court for Douglas county sustaining this motion to strike, Luikart, as receiver, endeavors to appeal to this court.

The preliminary, and, in this case, final question presented to this tribunal on appeal is: Does the record disclose an appealable order, a final order, as defined by our Code?

In argument, the appellant insists that the motion to strike is to be considered as a general demurrer to the several parts of his pleading stricken by the sustaining thereof. In view of the fact that even if this contention were true it would not afford a basis for relief, we will merely suggest that it would seem, in consideration of the actual situation, that this contention involves obvious inaccuracy in the use of language, in view of what the record actually presents.

The decision of this court in *Welch v. Calhoun,* 22 Neb. 166, 34 N. W. 348, is controlling in the instant case. In the *Welch* case the district court had sustained a motion "to strike the amended petition from the files." Plaintiff sought a review of this order. In this court, appellee moved to dismiss on the ground that there was no final order or judgment rendered in the district court upon which a proceeding in error could be predicated. Reese, J., delivered the opinion of the court, sustaining this motion to dismiss the appeal. From this opinion, announced by this court in the July term, 1887, almost a half century ago, we quote:

"Section 582 of the Civil Code provides that, 'A judgment rendered or final order made by the district court may be reversed, vacated, or modified by the supreme court, for errors appearing on the record.'

"By section 581 a final order is defined to be 'an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment.'

"It is apparent that under this definition the order of the district court sustaining the motion to strike the amended petition from the files was not an order, which, in effect, determined the action and prevented a judgment. So far as is shown by the record—this order being the last one entered—no final order has been made and the cause is yet upon the docket of the district court for determination.

"Plaintiff in error has cited two cases from the supreme court of Michigan (*Webster v. Hitchcock*, 11 Mich. 56; *McMann v. Westcott*, 47 Id., 177), in which it is held that such an order as the one made in the case at bar is final, and can be reviewed on error. But we have failed to find any statutory enactment in that state by which a final order is defined, as in this. And did one exist, we should feel bound by the decision of this court, by which the law of the state is fully settled, and, we think, correctly. See *Daniels v. Tibbets*, 16 Neb. 666; *Artman v. West Point Mfg. Co.*, 16 Neb. 572; *Nichols, Shepard & Co. v. Hail*, 5 Neb. 194; *Aspinwall v. Aspinwall*, 18 Neb. 463."

Sections 581 and 582 of the Civil Code, quoted from in the *Welch* opinion, now appear as sections 20-1902 and 20-1911, Comp. St. 1929. They have not been amended, nor has the construction thereof varied from that announced in the cited case. Nor would appellant be entitled to greater consideration if the motion to strike were considered as a general demurrer.

"Where a demurrer to a petition is sustained in the

court below, to authorize a review of the case by the supreme court, there must be a final judgment dismissing the case." *Miller v. Burlington & M. R. R. Co.,* 7 Neb. 227. See, also, *Scofield v. State Nat. Bank of Lincoln,* 8 Neb. 16; *Shedenhelm v. Shedenhelm,* 21 Neb. 387, 32 N. W. 170; *School District v. Cooper,* 29 Neb. 433, 45 N. W. 618; *Larson v. Sloan,* 77 Neb. 438, 109 N. W. 752; *Huffman v. Rhodes,* 72 Neb. 57, 100 N. W. 159; *Bartels v. Sonnenschein,* 54 Neb. 68, 74 N. W. 417; *Whitney v. Spearman,* 50 Neb. 617, 70 N. W. 240; *Yager v. Lemp,* 39 Neb. 93, 58 N. W. 285.

No order of dismissal or final disposition of the instant case is shown in the transcript before us.

We find that for more than half a century the provisions of our Civil Code, relative to appealable orders, have been consistently and continuously construed in a manner adverse to the contention of appellant in the instant case.

Nor is appellant altogether sustained by some of the authorities cited in his brief.

2 American Jurisprudence, Appeal and Error, sec. 71, quoted in full, is as follows: "In the absence of statutory regulation, an order overruling or sustaining a demurrer is not, as a general rule, final or appealable. If, however, the party against whom the demurrer is filed chooses to stand on his pleading and allows final judgment to go against him, especially if the merits of the case are thus involved, the judgment thus entered may be reviewed, and upon such review the correctness of the ruling on the demurrer can be determined. However, statutory provision has been made for appeals from rulings on demurrer in some jurisdictions. But even under such statutes, the defendant must elect to stand upon his demurrer in order to avail himself of such right in regard to orders overruling or sustaining such demurrer."

"Statutory provision" just above referred to, does not include the statutes of Nebraska.

In 2 American Jurisprudence, Appeal and Error, sec.

73, we find this rule announced: "In the absence of statute, a ruling upon a motion to strike off or to strike out a pleading or part thereof is not, as a general rule, reviewable. But where a party elects to stand upon his motion to strike and a final judgment is entered thereon, such judgment is appealable."

What is intended by the words "final judgment is entered thereon" may be determined beyond doubt by an inspection of the case cited to support this text, viz., *First Title & Securities Co. v. United States Gypsum Co.*, 211 Ia. 1019, 233 N. W. 137, 73 A. L. R. 1196. The official report of this case in 73 A. L. R. 1196 discloses that a complete statement there made includes the following: "A contention that an appeal is one from a ruling on a motion to strike out a portion of the answer, and hence should be dismissed as being not one from a final order, is not sustainable where the appeal is also from a final judgment dismissing the petition, entered upon the plaintiff's electing to stand upon his motion to strike."

So, too, in the annotation in 21 A. L. R. 264, cited by the appellant, we find, in the commencement of this note, the words: "In the absence of statutory regulation, an order overruling a demurrer is not, as a general rule, final or appealable."

While we have endeavored to examine the authorities cited by appellant with care, we find them largely based on statutory enactments peculiar to the jurisdictions from which they are cited. If we may reiterate the well-chosen words of Justice Reese in *Welch v. Calhoun, supra,* we would add, if statutory provisions in any of such states were truly similar to our own, "we should feel bound by the decision of this court, by which the law of the state is fully settled, and, we think, correctly."

It follows, in the instant case, that the order of the district court for Douglas county sustaining intervener's motion to strike parts of the answer of Luikart, receiver, is not a final order, as defined by our statutory provision, and a review of the correctness thereof is not proper at

this time. The proceedings on appeal are, therefore, dismissed at the cost of the appellant, and the cause remanded for further proceedings.

APPEAL DISMISSED.