STELLA ANSON, PLAINTIFF AND APPELLEE, V. FRANZ KRUSE, DEFENDANT AND APPELLANT.

25 N. W. 2d 896

FILED JANUARY 22, 1947. No. 32087.

*Perry & Perry,* for appellant.

*Kirkpatrick & Dougherty, John D. Zeilinger,* and *Charles F. Stroman,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and POLLOCK, District Judge.

POLLOCK, District Judge.

Stella Anson brought this action to recover damages from Franz Kruse for breach of promise of marriage. Her petition includes allegations that on May 20, 1942, she obtained a decree of divorce from James Anson in the District Court for York County, Nebraska; that on July 9, 1942, she accepted defendant's proposal of marriage to be performed November 25, 1942; and that on November 16, 1942, he advised her he would not marry her.

The defendant demurred to the petition on the ground it did not state facts sufficient to constitute a cause of action. He contends that under the provisions of section 42-340,

R. S. 1943, a divorce does not become effective or operative until six months after the rendition of the decree, except for purposes of appeal, and that a contract of marriage entered into before the expiration of such period is contrary to public policy and void. The trial court overruled the demurrer. Without further judicial proceedings or the rendition of a judgment, defendant appealed from the order.

Plaintiff contends that the order overruling the demurrer is not a final order reviewable on appeal, and that the petition states a cause of action since the marriage was agreed to have been performed after the expiration of the statutory six months period.

Section 25-1911, R. S. 1943, provides: "A judgment rendered or final order made by the district court may be reversed, vacated or modified by the Supreme Court for errors appearing on the record."

A final order is defined by section 25-1902, R. S. 1943, as follows: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a 'final order' which may be vacated, modified or reversed, as provided in this chapter."

The latter provision was construed in Smith v. Sahler, 1 Neb. 310, as follows: "A decree to be final must dispose of the whole merits of the case, and leave nothing for the further consideration of the court. An order is final when it affects a substantial right and determines the action. An order is interlocutory which dissolves an injunction when the same is an incident of the action, and the substantial rights of the parties involved in the action remain undetermined. When no further action of the court is required to dispose of the cause pending, it is final; when the cause is retained for further action, as in this case, it is interlocutory."

An order sustaining a demurrer to a petition and rendering judgment for court costs is not a final order. Miller v. The Burlington & M. R. R. Co., 7 Neb. 227.. A final judgment is one that disposes of the case either by dismissing it before hearing is had upon the merits, or after trial by rendition of judgment for the plaintiff or defendant. A judgment or order is not final unless it determines the rights of the litigants and precludes further inquiry. Hall v. Vanier, 7 Neb. 397. An order sustaining a motion to strike certain parts of an answer, without further judicial action, is held not to be a final order, and not appealable. State ex rel. Sorensen v. State Bank of Omaha, 131 Neb. 223, 267 N. W. 532. An order overruling a demurrer to a petition for misjoinder of causes of action is held to be interlocutory in character, not a final order, and not reviewable on appeal. Leavitt v. S. D. Mercer Co. 64 Neb. 31, 89 N. W. 426.

In the instant case the defendant did not elect to stand upon his demurrer and submit to the rendition of a judgment against him. The order overruling the demurrer was not followed by further judicial proceedings or the rendition of a judgment. It did not finally and completely dispose of the substantial merits of the case and terminate the litigation. Accordingly, we conclude that the order was not a final one within the meaning of our statute, is not reviewable on appeal, and that the appeal should be dismissed and the cause remanded for further proceedings.

APPEAL DISMISSED, AND CAUSE REMANDED.