MICHAEL J. BARRY, APPELLANT, V. J. WILBUR WOLF ET AL.,
APPELLEES.

26 N. W. 2d 303

Filed February 28, 1947.    No. 32189.

*M. L. McBride,* for appellant.

*W. R. King, Kelso Morgan,* and *Joseph D. Houston,*
for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER,
CHAPPELL, and WENKE, JJ., and NUSS, District Judge.

WENKE, J.

Michael J. Barry, a taxpayer of the city of Omaha,
brought this action in the district court for Douglas
County against the business manager and members of
the board of education of the Omaha public schools and
the county superintendent of Douglas County.

His petition, as supplemented, pleads three causes of
action whereby he seeks to enforce the provisions of
sections 79-1801, 79-1802, 79-1806, and 79-1807, R. S. 1943.

The first cause of action seeks to enjoin the defend-
ants from purchasing any text books for school use
unless they are purchased in accordance with the pro-
visions of the foregoing statutes.

The second cause of action seeks an order to compel
the defendants to bring a mandamus action against the

State Superintendent to compel him to perform his official duties as in said statutes provided, to wit: To publish and distribute a certified publishers' price list and contracts.

The third cause of action seeks to enjoin the defendants' use of a pamphlet, "A Library Book List," published by the State Superintendent, for the reason that it is not in accordance with the provisions of the foregoing statutes.

On June 21, 1946, before any issues had been joined, the plaintiff filed his motion requesting the trial court to compel the attendance in court of certain persons as witnesses. On the same day the trial court overruled this motion.

On July 5, 1946, the defendant W. J. Hauser, county superintendent of Douglas County, filed his demurrer to the plaintiff's three separate causes of action. No ruling has ever been had thereon.

On July 8, 1946, the other defendants filed a demurrer to plaintiff's second cause of action and a motion to make more definite and certain and to strike designated parts of the first and third causes of action. On September 11, 1946, the trial court sustained this motion and demurrer and gave the plaintiff until September 26, 1946, to further plead.

On September 16, 1946, plaintiff filed a motion stating that he would not further plead and asked that the case be set for immediate trial. On September 21, 1946, the trial court overruled the plaintiff's request for immediate trial.

Thereafter, on September 24, 1946, plaintiff filed his motion for new trial which was overruled on September 30, 1946. Plaintiff then appealed to this court.

The first question that presents itself is, are any of the orders entered by the trial court final so that an appeal may be taken therefrom?

Section 25-1911, R. S. 1943, provides: "A judgment rendered or final order made by the district court may

be reversed, vacated or modified by the Supreme Court for errors appearing on the record."

Section 25-1902, R. S. 1943, provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a 'final order' which may be vacated, modified or reversed, as provided in this chapter."

As stated in Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N. W. 2d 545: "An order is not final when the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action. In such a case, the order is interlocutory."

The sustaining of a motion to make more definite and certain or to strike certain parts of a pleading, without further judicial action, does not constitute a final, appealable order. See State ex rel. Sorensen v. State Bank of Omaha, 131 Neb. 223, 267 N. W. 532; 2 Am. Jur., Appeal and Error, § 73, p. 893.

"An order overruling a demurrer to a petition, in the absence of further proceedings, is not a final order reviewable on appeal." Anson v. Kruse, 147 Neb. 989, 25 N. W. 2d 896. See 2 Am. Jur., Appeal and Error, § 71, p. 892.

Under these statutes and our holdings we find no final, appealable order was entered by the trial court. While a review of the trial court's rulings on the matters here complained of can be had on appeal, however, such review can only be had after a final order has been entered. Until such final, appealable order has been entered these rulings, which are interlocutory, are not appealable.

Because of the foregoing the appeal must be dismissed.

APPEAL DISMISSED.