STATE OF NEBRASKA EX REL. LESLIE A. WARREN ET AL., APPELLANTS, v. ALBERT G. KLEMAN, CITY CLERK-TREASURER OF THE CITY OF BEATRICE, GAGE COUNTY, NEBRASKA, APPELLEE.

134 N. W. 2d 254

Filed April 2, 1965. No. 35863.

B. W. Stewart, for appellants.

Anne P. Carstens, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BROWER, J.

This is an action brought by the relators Leslie A. Warren and Orville M. Hale as citizens and taxpayers of the city of Beatrice, Gage County, Nebraska, hereinafter referred to as the city, seeking a writ of mandamus against the respondent Albert G. Kleman, city clerk and treasurer of said city, to require him to submit the question of the approval or rejection of ordinance No. 1451 of said city to the voters thereof.

The respondent filed a special and general demurrer to the petition which will be treated as a general demurrer because that is determinative of the case before us.

The demurrer was sustained by the trial court and the relators were given 15 days leave to file an amended petition, in default of which the action would stand dismissed. The relators failed to plead further and brought the case to this court by appeal.

Since the case turns on the sufficiency of the petition, it is necessary that the substance of the facts alleged be here stated.

It alleges that the relators are taxpayers and voters of the city and the respondent is the clerk thereof, and that said city is a city of the first class organized and existing under the laws of the State of Nebraska having a mayor and council form of government. It states the mayor and council on February 6, 1964, duly adopted and approved ordinance No. 1451, entitled: "An ordinance to authorize the City of Beatrice to own, purchase, construct, equip, lease and operate within such City, off-street motor vehicle parking facilities for the use of the general public." Within 30 days thereafter the relators with others circulated a petition and filed the same with the city clerk, all as provided by law,

requesting the ordinance be submitted to the qualified and registered voters of said city at the forthcoming general election to be held April 7, 1964. The city clerk thereupon determined the petition contained 1,031 qualified registered voters which exceeded the number required and reported his findings to the city council. The council on March 9, 1964, passed resolution No. 1312 directing that said ordinance No. 1451 be placed upon the ballot as requested. However, on March 23, 1964, it passed and approved ordinance No. 1459 which repealed ordinance No. 1451, and on the same day passed resolution No. 1323 which recited the passage of the previous resolution submitting ordinance No. 1451 to the voters, the repeal of ordinance No. 1451 by ordinance No. 1459, and provided that ordinance No. 1451 should not therefore be submitted to the voters and deleted the proposition from the notice of election as originally provided by resolution No. 1312. Copies of ordinances Nos. 1451 and 1459 and resolutions Nos. 1312 and 1323 as well as the petition for the referendum are attached to the petition. The petition further alleges the filing of the referendum petition made wholly illegal and ineffective the passage of the repealing ordinance No. 1459 because its operation was wholly suspended until voted on by the people; that sections 19-639 and 19-640, R. R. S. 1943, set forth the steps to be taken by the respondent clerk and are controlling and must be followed; that the respondent refused and still refuses to place ordinance No. 1451 on the ballot for submission to the voters according to law and that he is subject to the penalties set forth in section 18-127, R. R. S. 1943, for failure to comply with sections 18-101 to 18-130, R. R. S. 1943; that the mayor and council were wholly without power to amend, enforce, or repeal the ordinance after the filing of the referendum petition; that the matters involved are of great public interest; and that the relators have no clear, speedy, or adequate remedy at law. It prays for the court to command by mandamus the respondent

to disregard resolution No. 1323 and proceed to submit ordinance No. 1451 to the electors of the city at a special election.

The relators assign a great number of errors to the trial court, many of which are repetitious. Briefly it can be stated they contend that the trial court erred by holding the wrong sections of the statutes hereinafter mentioned applied to submission of the ordinance to referendum in the present case; that it erred in holding the mayor and council had power to repeal ordinance No. 1451 after the referendum petition was filed; and that because of these errors and in any event the court erred in sustaining the general demurrer of the respondent.

At the outset it may be said the ultimate question which this court has before it is whether or not the petition hitherto outlined stated a cause of action irrespective of which sections or provisions of the statute applied.

The recitations of the relators in their petition state that the law governing the referendum mentioned in the pleading was contained in sections 19-639 and 19-640, R. R. S. 1943. The relators still insist that those sections of the statute are controlling in the present case. The petition, however, clearly alleges that Beatrice is a city of the first class having a mayor and council form of government. It is apparent from examination of Chapter 19, article 6, R. R. S. 1943, containing these sections, that they are applicable to cities operating under the city manager plan. Section 19-601, R. S. Supp., 1963, reads as follows: "Wherever the term this act appears in sections 19-601 to 19-661, it shall be construed as referring exclusively to those sections. The term city as used in this act includes any city having a population of one thousand or more and less than two hundred thousand." The relators contend that under this section all provisions of article 6 apply to the city of Beatrice which as a city of the first class is within the range of

populations mentioned. It, however, is quite obvious that the last sentence of the quoted section relied on by the relators refers to the cities which may come under the provisions of article 6 by adopting that form of government at the election provided for in section 19-609, R. R. S. 1943. The contention of the relators that the provisions of Chapter 19, article 6, R. R. S. 1943, apply to the government of a city operating under the mayor and council plan has no merit.

The relators contend that the trial court erred in holding section 19-431, R. R. S. 1943, is material and applicable to the proceeding, pointing out that it applies only to cities under the commission form of government. Relators are correct in asserting that section 19-431, R. R. S. 1943, relates wholly to cities under the commission form of government. It is only necessary here to say that the trial court in its supplemental memorandum expressly held it was not applicable also.

The trial court's supplemental memorandum, entered after its order sustaining the demurrer in explanation of its ruling, did apply the provisions of sections 18-101 and 18-112, R. R. S. 1943, to the proceedings set out in the relators' petition. It then held that the city which had adopted ordinance No. 1451 had the power to repeal it also. On its being repealed before submitting it to a vote of the electors, the object of the petition for the referendum was accomplished, the question was moot, and for that reason the demurrer was sustained.

Chapter 18, article 1, R. R. S. 1943, applies to all cities and villages whose voters have accepted the initiative and referendum law therein set forth, at an election provided for in section 18-129, R. R. S. 1943. It is not operative in any city until so accepted by the voters thereof. A careful study of the petition of the relators fails to find any allegation that the city of Beatrice has ever accepted or is operating under these provisions providing for the initiative and referendum.

In Griffin v. Gass, 133 Neb. 56, 274 N. W. 193, this court

held: "A general demurrer admits the truth of all material facts well pleaded, but does not admit the conclusions of law. So, also, as a general rule, only the pleading demurred to may be considered in passing on the demurrer. The court must assume that the facts are as alleged, and cannot assume the existence of any facts not alleged, nor find facts in aid of the pleading, nor consider what evidence may be introduced at the trial. Neither can the court consider extrinsic facts admitted by the parties or by counsel, nor the conclusions of the pleader, except when they are supported by, and necessarily result from, ultimate facts stated in the pleading. * * * 'The ultimate or issuable facts to be established should be alleged in a pleading.' "

In the case of Clay County v. Bottorf, 166 Neb. 262, 88 N. W. 2d 898, this court held: "A condition precedent of a recovery by a county from the estate of an incompetent person by virtue of section 83-352, R. S. Supp., 1955, of the expense of his care and maintenance in a state hospital which has been paid by the county is that the county allege in the statement of its cause of action and prove at the trial that the incompetent is possessed of an estate and income sufficient to meet the expense of his care and maintenance at the hospital without depriving those dependent upon him of their necessary support." In Sommerville v. Board of County Commissioners, 117 Neb. 507, 221 N. W. 433, it was stated: "One whose authority to prosecute an action is limited by statute must plead facts which bring him within such statutory limitations."

It is true that in the Clay County case and the Sommerville case the actions were based upon a statute which created the right containing a condition set out therein. This rule is stated in Duhrkopf v. Bennett, 108 Neb. 142, 187 N. W. 813, where it was said: "Where a right has been created by statute which did not exist at the common law, the legislature may impose restrictions thereon, and the conditions so imposed qualify and

are an integral part of the act and must be fully complied with in the manner therein prescribed."

In the case before us the right of action of the relators was not expressly conferred and made conditional by statute to the one bringing action thereon. Nevertheless, the relators have no action except under a statute providing for and requiring the submission of the ordinance in question to the voters by referendum.

In 41 Am. Jur., Pleading, § 92, p. 355, the text states: "Irrespective of whether a public or private statute must be pleaded, in all cases, one who seeks the benefit of a statute must, by averment and proof, bring himself within its provisions. The complaint must plead every fact essential to the cause of action under the statute." We think without question that before a petition states a cause of action in mandamus to compel the officers of a municipality to submit an ordinance to the voters of the city at a referendum, it must allege facts which show that the city is operating under a statute providing for such a referendum.

In the case before us the petition of the relators clearly showed that the city of Beatrice is a city of the first class with a mayor and council form of government. The provisions providing for referendum in cities operating under the commission form of government or under the city manager plan have no application. A city operating under the mayor and council form of government is not under the initiative and referendum law set forth in Chapter 18, article 1, R. R. S. 1943, unless it has adopted it as provided in section 18-129, R. R. S. 1943. There appear to be no other applicable provisions requiring the submission of the ordinance in question by referendum to the voters of the city upon their petition.

It follows that the petition of the relators did not state facts sufficient to constitute a cause of action. The other question involved is not necessary to determine in view of our decision. The demurrer was properly sustained

by the trial court and its judgment must be and is affirmed.

AFFIRMED.