R. N. KUESTER, APPELLEE, V. STATE OF NEBRASKA ET AL.,
APPELLANTS.
217 N. W. 2d 180

Filed April 18, 1974. No. 39258.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellants.

Robert E. Paulick and Gerald B. Buechler, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and BUCKLEY, District Judge.

CLINTON, J.

The plaintiff brought this declaratory judgment action to have sections 81-815.01 to 81-815.20, R. R. S. 1943, commonly referred to as the State Boat Act, declared unconstitutional in their application to certain property owned by him. The trial court in accordance with the prayer of the petition, granted a temporary restraining order preventing the defendant, the Nebraska Game and Parks Commission and Willard R. Barbee, its Secretary, and Fred Salak, a conservation officer of the commission, from enforcing the statutes with reference to the plaintiff's property. The defendants demurred to the plaintiff's petition and moved to have the restraining order dissolved. The court overruled the demurrer. The defendants elected to stand on the demurrer. The trial court then overruled the motion to dissolve the restraining order and modified

it, and ordered the issuance of a permanent injunction which was entered in the following form: "PURSUANT TO THE ORDER OF THE COURT AFORESAID, the Defendants herein, Nebraska Game and Parks Commission, Willard R. Barbee, Secretary of the Defendant Nebraska Game and Parks Commission, and Fred Salak, Conservation Officer for Defendant Nebraska Game and Parks Commission, and each of them, and their successors in office, as well as all other persons purporting to act on their behalf or under their authority, be, and they hereby are, permanently enjoined and restrained from going upon Plaintiff's property in Hall County, Nebraska, commonly known as Kuester's Lake, and legally described as follows:

"The East one-half of the South-west Quarter of Section 13, Township 11 North, Range 9, West of the 6th P.M., in Hall County, Nebraska,

for the purpose of investigations of, or enforcing the provisions of, the Nebraska State Boat Act, legally described as Sections 81-815.01 through 81-815.20, R. R. S., Neb., Reissue of 1971, as amended, unless such law enforcement officer, or representative of any of the Defendants, at the time of so entering Plaintiff's property, above described, shall have with him, a duly and legally issued search warrant which is in 'in force' and validally issued;". The trial court did not pass upon the constitutionality of the statutes.

On this appeal the plaintiff has abandoned any claim of unconstitutionality of the statutes. The questions on appeal are whether the court erred in overruling the demurrer and authorizing a permanent injunction to issue.

We reverse and remand with directions to dissolve the injunction and to sustain the demurrer.

We examine the allegations of the plaintiff's petition in the light of the principle that a general demurrer admits all the allegations of fact in the pleading to

which it is addressed, which are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact. A general demurrer tests the substantive legal rights of parties upon admitted facts, including proper and reasonable inferences of law and fact which may be drawn from facts which are well pleaded. Nebraska Natural Gas Co. v. City of Lexington, 167 Neb. 413, 93 N. W. 2d 179.

The petition alleges the ownership of the property by the plaintiff and the existence thereon of a lake wholly located within the confines of the property and accessible only over roads owned and controlled by the plaintiff; the existence on the lake shores of 72 dwellings owned by the occupants and built upon sites leased from the plaintiff; the existence thereon of a private club also built on leased land; and that "by virtue of lease agreements between Plaintiff and the individual residence owners or lessees said lessees, and their invitees have access to their lots leased from Plaintiff over the roads owned, maintained and controlled by Plaintiff, such access and permissive use of said roads is subject to regulations imposed by Plaintiff; that the individual members of the Grand Island Saddle Club, by virtue of a lease agreement between Plaintiff and said non-profit club have access to the club premises leased from Plaintiff, over the road constructed, maintained and controlled by Plaintiff, but such permissive use does not go beyond the leased premises of said Grand Island Saddle Club. That approximately eighty-five percent of the total Lake front footage is covered by lease agreements, as hereinbefore set forth." It further alleged: ". . . the only persons permitted by Plaintiff to place a boat upon the waters of Kuester's Lake are those persons who lease residence lots from Plaintiff." That the defendant Salak: ". . . has, in the past, and is threatening to in the future, enforce the provisions of Sections 81-815.01 through 81-815.20,

R. R. S. Nebraska Reissue of 1966, as amended, and also known as the Nebraska State Boat Act on Plaintiff's property, hereinbefore legally described and known as Kuester's Lake. That the enforcement of the provisions of said Act are unconstitutional and void insofar as such enforcement pertains to Plaintiff's Lake property; that continued enforcement of the provisions of the Nebraska Boat Act upon Plaintiff's property will result in the multiplicity of litigations, and will cause Plaintiff and Plaintiff's lessees irreparable harm and damage, and Plaintiff has no adequate remedy at law to protect himself and his lessees therefrom; that Defendants, and each of them, and any and all persons purporting to act on their behalf, or under their authority, should be temporarily restrained from coming upon Plaintiff's Lake property, as hereinbefore legally described for the purpose of investigating or enforcing the provisions of the Nebraska State Boat Act, and should be further restrained temporarily from prosecution of, or giving evidence of violations of the provisions of the Nebraska State Boat Act which occur upon Plaintiff's Lake property, pending the outcome of this litigation . . . ."

There followed a prayer for a temporary restraining order pending determination of the litigation and for the declaration of the unconstitutionality of the State Boat Act. There was no prayer for a permanent injunction.

It is the general rule that an injunction will not issue to restrain public officers from performing an official act which is not in excess of the authority reposed in them, but that unlawful acts by public officers may in a proper case be restrained. 43 C. J. S., Injunctions, § 108, p. 614. It is also the general rule that police officers will not be enjoined from performing their proper duties, but that the threatened continued repeti-

tion of illegal acts may be enjoined, where under the circumstances an action for damages is not an adequate remedy. The courts should be slow in issuing injunctions against police officers and an injunction should not be issued on the mere apprehension that the officer will commit an unlawful act. 43 C. J. S., Injunctions, § 108d, p. 620; Carey v. Iowa Liquor Control Comm., 257 Iowa 245, 132 N. W. 2d 429; Russo v. Miller, 221 Mo. App. 292, 3 S. W. 2d 266; Conte v. Roberts, 58 R. I. 353, 192 A. 814; Belknap v. Leary, 427 F. 2d 496 (2d Cir., 1970).

Implicit in the trial court's order is a finding that the State Boat Act (herein later referred to as the Act), was applicable to the use and operation of boats upon the plaintiff's privately owned lake. This we believe is correct. An examination of the Act shows that it was clearly the legislative intention to apply it to the operation of boats upon private as well as public waters. Section 81-815.02 (4), R. R. S. 1943, defines waters of the state as "any waters within the territorial limits of Nebraska." The purpose of the Act as well as the use of similar language in related legislation indicates rather clearly the intention of the Legislature. §§ 81-815.01, 81-815.15, 81-815.20, 37-516, R. R. S. 1943. See, Caldwell v. Erickson, 61 Utah 265, 213 P. 182; State v. Taylor, 358 Mo. 279, 214 S. W. 2d 34. Any other construction would largely defeat the legislative purposes. The right of an owner to use his property is subject to reasonable regulations, restrictions, and control by the State in the legislative exercise of the police power of the State. Stahla v. Board of Zoning Adjustment, 186 Neb. 219, 182 N. W. 2d 209; State v. Heller, 123 Conn. 492, 196 A. 337.

The duty of conservation and other law enforcement officers of this State to enforce the Act, the Game and Fish Laws, and Game and Park Commission Regulations is prescribed by section 37-603, R. S. Supp., 1972.

Among other things that statute makes it the duty of conservation officers "to serve writs and processes, civil and criminal, when such writs and processes pertain to enforcement duties imposed by law on the Game and Parks Commission." Duties imposed on the Commission include those required by the Act.

An examination of the plaintiff's petition discloses that it does not allege facts from which it can be concluded that the defendants had in the past enforced the Act by illegal means or were threatening to do so in the future. The trial court in its judgment seems to assume that a search warrant would be required to permit entry of conservation officers on the premises and for this reason made the order requiring a search warrant before the defendants could enter the premises to enforce the Act on the plaintiff's property.

When and under what circumstances a warrant might be required to validate an entry, a search, a seizure, or an arrest, we need not consider. We cannot assume that the defendants will act illegally.

It is clear that the injunction prohibited lawful as well as possible unlawful entries upon the premises. Whether a search is unreasonable under the state and federal Constitutions depends upon a variety of circumstances and we cannot make a determination of lawfulness or unlawfulness apart from a concrete set of facts. Suffice it to say that the scope of the injunction is such that it prohibits even lawful enforcement. We could not possibly catalog every situation but we mention just a few abstract examples where a search warrant would obviously not be required. (1) The service on the plaintiff's property of writs and process under section 37-603, R. S. Supp., 1972, for violations of the Act occurring either on the plaintiff's premises or elsewhere. (2) Searches outside the curtilage, 79 C. J. S., Search and Seizures, § 66 g, p. 834; Stark v. United States, 44 F. 2d 946 (8th Cir., 1930); Hunsucker v. State. 475

P. 2d 618 (Okla. Cr., 1970); State v. Rinkes, 70 Wash. 2d 854, 425 P. 2d 658. (3) Arrests for violations occurring in the view of the officer. (4) Searches in connection with arrest and warranted by the circumstances surrounding it. (5) Searches where probable cause exists and where exigent circumstances make a warrant unnecessary.

The judgment of the trial court and the injunction issued pursuant thereto are vacated and the cause remanded to the trial court. § 25-854, R. R. S. 1943.

REVERSED AND REMANDED.