CLARK & ENERSEN, HAMERSKY, SCHLAEBITZ, BURROUGHS & THOMSEN, INC., APPELLANT, v. SCHIMMEL HOTELS CORPORATION ET AL., APPELLEES.

235 N. W. 2d 870

Filed December 11, 1975. No. 39963.

Robert L. Jeffrey and Michael F. Lee, for appellant.

Pierson, Pierson & Fitchett, for appellees.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and BRODKEY, JJ., and TESAR, District Judge.

McCOWN, J.

Plaintiff's petition seeks to recover for preliminary architectural and engineering services performed in connection with a contemplated 100-unit motor hotel addition to a hotel on which construction was never begun. The amended petition proceeded on two counts. Both counts seek to recover for the same work and both pray for recovery of an identical amount. The second count is on a quantum meruit theory of recovery. Defendants' demurrer to that count has been overruled and the case must still be tried on that count. Defendants' demurrer to the first count of plaintiff's amended petition was sustained by the District Court. Plaintiff elected to stand on the first count and declined to plead further. The District Court dismissed the first count and plaintiff has appealed.

It is difficult to determine exactly what theory the first count rests upon. The critical allegations are contained in paragraphs three and five of the first count of the amended petition. Paragraph three alleges that plaintiff performed the architectural and engineering services "for Defendants at their special instance and request * * *." Paragraph five alleges that defendants made representations and led plaintiff to believe that defendants would pay plaintiff "fees for architectural services in connection with the project * * *" and that

plaintiff relied upon such representations and rendered and performed the services, and "that Defendants should now be estopped from denying they so represented and so induced the Plaintiff to render and perform such architectural services and to incur such expenses." Paragraph five also refers to a number of attached letters and documents which are incorporated by reference. Included is an AIA standard form of agreement between owner and architect prepared for execution by the plaintiff and one of the defendants. The form was never executed by any of the parties, but plaintiff alleges that at the specific instance and request of the defendants, plaintiff prepared and delivered the form on March 27, 1969. Essentially the documents attached add nothing to the general quantum meruit allegations, nor do they add facts which would establish the making of an express contract. In this case, count II already states facts sufficient to constitute a cause of action on quantum meruit. Under those circumstances, unless count I states facts sufficient to constitute a cause of action other than one for quantum meruit, the demurrer must be sustained.

Plaintiff strenuously contends that the cause of action rests on equitable estoppel. Estoppel is not a cause of action nor does it give rise to one. Its purpose is to preserve rights already acquired and not to create new ones. See, Furstenberg v. Omaha & C.B. St. Ry. Co., 132 Neb. 562, 272 N. W. 756; State v. Bardsley, 185 Neb. 629, 177 N. W. 2d 599.

The labels placed on the cause of action in count I are not controlling, nor do the conclusions of the pleader remove the requirements for pleading facts sufficient to constitute a cause of action. A petition which fails to plead actionable facts is vulnerable to a general demurrer. See Johnson v. Ruhl, 162 Neb. 330, 75 N. W. 2d 717. The court must assume that the facts are as alleged, and cannot assume the existence of any facts not alleged, nor find facts in aid of the pleading, nor con-

sider what evidence may be introduced at the trial. State ex rel. Warren v. Kleman, 178 Neb. 564, 134 N. W. 2d 254.

An action in contract inevitably rests upon a promise or set of promises. A promise may be stated in words, either oral or written, or may be inferred wholly or partly from conduct. Quasi contracts, unlike true contracts, are not based on the apparent intention of the parties to undertake the performance in question, nor are they promises. They are obligations created by law for reasons of justice. See, Restatement, Contracts, § 5, p. 7; Restatement, Contracts 2d, T.D. No. 1, § 5, p. 24.

The pleadings under count I, including the documents incorporated by reference, fail to allege facts constituting the making of a promise or the manifesting of assent by the defendants to be bound by the terms of the AIA agreement form or by the terms of any other specific or express form of agreement. Any contract to be implied under the allegations of count I would simply be to pay a reasonable amount for the professional services of plaintiff. Count I fails to state facts sufficient to constitute a cause of action in contract against the defendants separate and distinct from the cause of action in quantum meruit set forth in count II.

The District Court was correct in sustaining the defendants' demurrer to count I, and its judgment is affirmed.

AFFIRMED.