· IN RE ESTATE OF JEFFREY R. VOGLER, DECEASED.
LAWRENCE D. AND VIRGINIA E. GILBERT, CO-ADMINISTRA-
TORS OF THE ESTATE OF MARCIA D. GILBERT, DECEASED,
APPELLANTS, V. SHARON L. VOGLER, ADMINISTRATRIX OF
THE ESTATE OF JEFFREY R. VOGLER, DECEASED, APPELLEE.
249 N. W. 2d 729

Filed January 26, 1977. No. 40742.

Robert E. McKelvie, Thomas P. McNally, and William H. Stowell, for appellants.

Conway & Connolly, for appellee.

Heard before WHITE, C. J., BOSLAUGH, NEWTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.
This is an action to recover damages for wrongful

death under section 30-809, R. R. S. 1943. The appellants, Lawrence D. Gilbert and Virginia E. Gilbert, as coadministrators of the estate of Marcia D. Gilbert, deceased, filed their claim for damages for the wrongful death of their decedent in the estate of Jeffrey R. Vogler, deceased, in the county court of Webster County, Nebraska. An objection was filed to the allowance of the claim, and when no evidence was offered in support thereof at the hearing on claims, the claim was disallowed. The order of disallowance was appealed to the District Court for Webster County, Nebraska. After the trial court dismissed the fourth amended petition on appeal, an appeal was taken to this court. We reverse and remand the cause for further proceedings.

The case never proceeded beyond the pleading stage and the only questions presented relate to rulings upon motions and a demurrer. Appellants filed a petition on appeal, with allegations of their representative capacity, their status as heirs of the deceased, her death resulting from the wrongful act, neglect, or default of **Jeffrey R. Vogler, deceased, and damage to them by** reason thereof. A motion to make the allegation of the wrongful act, neglect, or default more definite and certain was sustained. In a first amended petition, appellants added a narrative of the circumstances alleged to have occurred during the period from the evening of September 15, 1974, and ending with the discovery of the body of the decedent 5 days later together with a statement of the suspicions and conclusions of the appellants and their argument that such matters constituted a circumstantial showing that Jeffrey R. Vogler, deceased, had committed some wrongful act. A motion to strike was sustained, ordering in part that paragraph 4 (f) relating to statements of Jeffrey R. Vogler be stricken. A second amended petition was then filed and a general demurrer thereto was sustained. Next, a motion to strike was filed against a third amended petition and sustained as to an allegation of a dollar amount

of general damages. Finally, a general demurrer was sustained to a fourth amended petition. When appellants failed to amend within the time allowed, the trial court dismissed the petition. A motion for a new trial assigned error as to the two orders sustaining motions to strike the allegations above mentioned and in the sustaining of the demurrer to the fourth amended petition and the dismissal thereof. The trial court overruled the motion for new trial and appellants argue the same assignments here.

Following the rulings as to each of the motions to strike, the appellants proceeded to file further amended petitions and complied with the orders of the court by not repeating the stricken allegations. No further action was taken by the court in this connection and none was necessary. An order sustaining a motion to strike some of the allegations of a pleading, without further judicial action, is not a final order and is not appealable. Barry v. Wolf, 148 Neb. 27, 26 N. W. 2d 303; State ex rel. Sorensen v. State Bank of Omaha, 131 Neb. 223, 267 N. W. 532. No assignment of error will lie against the rulings.

Turning next to the question of the sufficiency of the allegations of the fourth amended petition to state a cause of action, it should be noted that the appellants repeated in each of their amended petitions the basic allegations concerning their capacity to sue, their status as next of kin to the deceased, her death by the wrongful act, neglect, or default of Jeffrey R. Vogler, deceased, and the damage to them by reason of such wrongful death. It is true that a lengthy narration of evidence, some of which would have been of dubious admissibility, together with argument concerning the probative effect of the evidence had been added by amendment. This material, being poorly pleaded, was probably not admitted by the demurrer. The rule is usually stated that a general demurrer admits all the allegations of fact of the pleading to which it is ad-

dressed which are issuable, relevant, material, and well-pleaded, but does not admit the pleader's conclusions of law or fact; a general demurrer tests the substantive legal rights of parties upon admitted facts, including proper and reasonable inferences of law and fact which may be drawn from the well-pleaded facts. Johnson v. Ruhl, 162 Neb. 330, 75 N. W. 2d 717; Martindale v. State, 181 Neb. 64, 147 N. W. 2d 6; Krause v. State Farm Mut. Auto. Ins. Co., on rehearing, 184 Neb. 638, 169 N. W. 2d 601; Kuester v. State, 191 Neb. 680, 217 N. W. 2d 180. We have also said that the court, in considering a demurrer " '* * * must assume that the facts are as alleged, and cannot assume the existence of any facts not alleged, nor find facts in aid of the pleading, nor hear evidence on the questions involved, nor consider what evidence may be introduced at the trial.' " Griffin v. Gass, 133 Neb. 56, 274 N. W. 193. See, also, State ex rel. Warren v. Kleman, 178 Neb. 564, 134 N. W. 2d 254; Clark & Enersen, Hamersky, S. B. & T., Inc. v. Schimmel Hotels Corp., 194 Neb. 810, 235 N. W. 2d 870. This is not a situation in which there is a conflict between general and specific allegations; if there were such a conflict, of course, the specific allegations would control. Sickler v. City of Broken Bow, 143 Neb. 542, 10 N. W. 2d 462. It was also pointed out in that case that in ordinary actions, not involving extraordinary writs, pleadings should be construed liberally.

The appellee had other alternatives available in addition to the general demurrer to the fourth amended petition. It would have been proper to move to strike the allegations which amounted to mere evidence, argument, or conclusions of fact or law. A motion to strike the petition or to dismiss the action for failure to comply with the orders of the court sustaining the motions to make more definite and certain might have been filed. As it was, appellee elected to demur generally and thereby waived any right which she had to insist that the allegations of the petition be made more

definite and certain. Van Etten v. Medland, 53 Neb. 569, 74 N. W. 33.

In City of Friend v. Burleigh, 53 Neb. 674, 74 N. W. 50, it was held that a petition for recovery under the Lord Campbell Act which alleged that the defendant by his wrongful act, neglect, or default caused the death of a person, whose personal representative acts in behalf of the next of kin who were damaged, stated a cause of action against a general demurrer. The ultimate facts alleged in the pleadings in this case meet this standard. The general demurrer should not have been sustained and the petition should not have been dismissed. When the issues have been made up and the actual evidence has been submitted, it will then be an appropriate time to decide any questions of the adequacy or sufficiency of the evidence.

The judgment is reversed and the cause is remanded to the trial court with directions to overrule appellee's general demurrer and to proceed in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., dissenting.

The fourth amended petition alleged the plaintiffs' decedent died on September 15, 1974, as the result of a massive skull fracture. The circumstances alleged in the petition support an inference that Jeffrey R. Vogler may have been present at the time the fatal injury occurred.

In paragraph 5 the petition alleged: "5. Claimants allege that Marcia D. Gilbert died as a result of the wrongful act, neglect or default of Jeffrey R. Vogler. The exact manner in which said Jeffrey R. Vogler caused the death of Marcia D. Gilbert is not known to the petitioners. But whether her death was caused by the willful and malicious act of Jeffrey R. Vogler or other wrongful neglect or default on the part of Jeffrey R. Vogler the claimants assert that the conduct of the said Jeffrey R. Vogler, coupled with the circum-

stances related herein, indicate that he was culpable in the death of Marcia D. Gilbert, and that his wrongful act, neglect or default proximately caused her wrongful death."

It seems to me the petition alleged only a conclusion that Jeffrey R. Vogler caused the death of the plaintiffs' decedent and did not allege the facts as to how he caused her death. In my opinion the demurrer was properly sustained.