JOSEPH F. WELCH, PLAINTIFF IN ERROR, V. SIMEON H. CALHOUN, DEFENDANT IN ERROR.

**Judgment:** FINAL ORDER. An order of a district court sustaining a motion to strike an amended petition from the files is not a final order from which error may be taken to the supreme court, in the absence of a judgment.

ERROR to the district court for Otoe county. Tried below before POUND J.

*Frank T. Ransom, J. C. Watson,* and *George W. Covell,* for plaintiff in error.

*Simeon H. Calhoun, pro se.*

REESE, J.

The submission of this cause is upon a motion to dismiss the petition in error. The ground assigned for the motion is, that there was no final judgment or order rendered in the district court upon which a proceeding in error could be predicated. The order complained of was made upon a motion to strike the amended petition of plaintiff from the files. It is as follows :

"And now, on the 1st day of October, 1886, this cause comes on for further hearing and ruling of the court on the motion of the defendant, Simeon H. Calhoun, to

strike the amended petition from the file, and this said motion, having been heretofore, at the March term, argued and submitted to the court and by the court taken under advisement, and being now well advised in the premises, doth sustain the same. To which ruling of the court in sustaining said motion the plaintiff excepts, and forty days are given to reduce his said exceptions to writing."

Section 582 of the civil code provides that, " A judgment rendered or final order made by the district court may be reversed, vacated, or modified by the supreme court, for errors appearing on the record."

By section 581 a final order is defined to be "an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment."

It is apparent that under this definition the order of the district court sustaining the motion to strike the amended petition from the files was not an order, which, in effect, determined the action and prevented a judgment. So far as is shown by the record—this order being the last one entered—no final order has been made and the cause is yet upon the docket of the district court for determination.

Plaintiff in error has cited two cases from the supreme court of Michigan (*Webster v. Hitchcock*, 11 Mich., 56; *McCann v. Westcott*, 47 Id., 177), in which it is held that such an order as the one made in the case at bar is final, and can be reviewed on error. But we have failed to find any statutory enactment in that state by which a final order is defined, as in this. And did one exist, we should feel bound by the decision of this court, by which the law of the state is fully settled, and, we think, correctly. See *Daniels v. Tibbitts*, 16 Neb., 666. *Artman v. West Point Manufacturing Co.*, Id., 572. *Nichols v. Hail*, 5 Id., 194. *Aspinwall v. Aspinwall*, 18 Id., 463.

The motion to dismiss for want of final judgment is sustained.

JUDGMENT ACCORDINGLY.

THE other judges concur.