STATE OF NEBRASKA, APPELLEE, V.
RICHARD A. SCHMIDT, SR., APPELLANT.
615 N.W. 2d 116

Filed July 25, 2000.    No. A-99-002.

Richard A. Schmidt, Sr., pro se.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

HANNON, SIEVERS, and INBODY, Judges.

HANNON, Judge.

## INTRODUCTION

Richard A. Schmidt, Sr., appeals the trial court's order striking his petition for postconviction relief in its entirety from the court's files. The State has moved to dismiss Schmidt's appeal for lack of jurisdiction, arguing that the trial court's order was not final and therefore not appealable. We agree and find that an order which strikes a litigant's entire pleading is not a final, appealable order because it does not decide the case and prevent a judgment.

## BACKGROUND

In January 1996, Schmidt was convicted on count I, kidnapping, pursuant to Neb. Rev. Stat. § 28-313 (Reissue 1995); count II, false imprisonment, pursuant to Neb. Rev. Stat. § 28-314 (Reissue 1995); count III, assault, pursuant to Neb. Rev. Stat. § 28-310 (Reissue 1995); and count IV, attempted sexual assault, pursuant to Neb. Rev. Stat. §§ 28-201 and 28-319 (Reissue 1995). The trial court sentenced Schmidt on count I to 30 to 40 years' imprisonment, on count II to 4 to 5 years' imprisonment, on count III to 1 year's imprisonment, and on count IV to 8 to 12 years' imprisonment. The trial court further ordered that these sentences be served concurrently.

Schmidt perfected a direct appeal to this court, and we affirmed in *State v. Schmidt*, 5 Neb. App. 653, 562 N.W.2d 859 (1997). Schmidt then filed a petition for further review in the Nebraska Supreme Court, but the petition was denied.

On October 20, 1998, Schmidt filed a 29-page petition for postconviction relief, which included 21 pages of exhibits. The petition alleged certain misconduct by the prosecuting attorney. Schmidt also filed a motion to disqualify the prosecutor and his office from the postconviction proceedings for the same reasons alleged in the petition. In response, the State filed a motion to strike these pleadings as improper.

A hearing occurred on November 6, 1998, regarding Schmidt's motion to disqualify the prosecutor and the State's motion to strike Schmidt's pleadings. Schmidt informed the judge that he had reduced the argument for his motion to disqualify to writing and wished to submit it in that manner. When the trial court gave the State an opportunity to argue its motion to strike, the State argued that allegations Schmidt made in his petition for postconviction relief and his motion to disqualify violated Neb. Ct. R. of Discipline 18 (rev. 1996). When given an opportunity to respond, Schmidt informed the trial court that he would put his response into the writing he intended to submit on his motion to disqualify. The record before us does not, however, contain this brief.

On December 3, 1998, the trial court entered an order which we will cite fully:

NOW ON THIS 3rd day of December, 1998 this matter came before the Court upon motions filed by the State of Nebraska to strike the defendant's motion for post conviction relief and motion to disqualify the prosecutor. The Court finds that the defendant's pleadings are improper and in violation of Rule 18 of the Nebraska Supreme Court Disciplinary Rules.

IT IS THEREFORE ORDERED that the motion for post conviction relief and motion to disqualify prosecutor filed by the defendant shall be striken [sic] from the Court file. The Clerk is further directed to remove said motions from the file of this case.

IT IS SO ORDERED.

Schmidt then filed this appeal. Rather than submitting an appellate brief, the State filed a motion for dismissal based on a lack of jurisdiction.

## ASSIGNMENTS OF ERROR

Schmidt alleges 10 assignments of error regarding the trial court's order striking his petition and motion. We do not list them because we find that the issue of jurisdiction raised by the State's motion is dispositive of this appeal.

## STANDARD OF REVIEW

■ "Subject matter jurisdiction is a question of law for the court. . . . A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision." (Citation omitted.) *Hoshor v. Hoshor*, 254 Neb. 743, 746, 580 N.W.2d 516, 519 (1998).

## ANALYSIS

The jurisdictional issue is as follows: Is an order striking a litigant's entire petition a final, appealable order? This question was squarely addressed by the Nebraska Supreme Court in *Welch v. Calhoun*, 22 Neb. 166, 34 N.W. 348 (1887). In *Welch*, the trial court struck the plaintiff's amended petition from the files. On appeal, the Nebraska Supreme Court cited Rev. Stat. § 581 (1867) of the civil code, which was the predecessor to

Neb. Rev. Stat. § 25-1902 (Reissue 1995), for the definition of a final order:

> [A] final order is defined to be "an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment."

*Welch*, 22 Neb. at 167, 34 N.W. at 349. Under this definition, which would still apply today vis-a-vis § 25-1902, *Welch* concluded that the order striking the amended petition was not a final order, because it did not, in effect, determine the action and prevent a judgment. Thus, the cause was "yet upon the docket of the district court for determination." *Welch*, 22 Neb. at 167, 34 N.W. at 349.

Schmidt's case presents the same situation. Accordingly, we find that the trial court's order striking Schmidt's pleadings was not a final order, because it did not decide the action and prevent a judgment. Under *Welch*, the order is not appealable.

## CONCLUSION

For the reasons stated, we dismiss Schmidt's appeal for lack of jurisdiction.

APPEAL DISMISSED.